UNITED STATES, Appellee,

v.

**Eurico D. CARTER, Specialist,
U.S. Army, Appellant.**

No. 97–0021.
Crim.App. No. 9500230.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 6, 1997.

Decided Jan. 14, 1998.

Sullivan, J., filed opinion concurring in the result.

For Appellant: *Captain Paul Fiorino* (argued); *Colonel John T. Phelps, II, Major Michael E. Hatch,* and *Captain Norman R. Zamboni* (on brief).

For Appellee: *Captain Arthur J. Coulter* (argued); *Lieutenant Colonel Frederic L.*

Borch, III, Captain Chris A. Wendelbo, and Captain John M. Bergen (on brief); Colonel Joseph E. Ross and Captain Virginia G. Beakes.

## Opinion of the Court

EFFRON, Judge:

Contrary to his pleas, a general court-martial composed of officer and enlisted members convicted appellant of rape and committing indecent act, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement for 1 year, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished opinion.

On appellant's petition, we granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY RULING THAT APPELLANT COULD NOT OFFER EVIDENCE THAT THE PROSECUTRIX AND A KEY GOVERNMENT WITNESS WERE BISEXUAL LOVERS.

For the reasons below, we affirm the decision of the Court of Criminal Appeals.

## I. BACKGROUND

The prosecutrix and appellant were discovered together in the prosecutrix' bedroom by Ms. Morales, the prosecutrix' roommate and a key government witness. The prosecutrix was partially dressed and was unconscious. Upon awakening, the prosecutrix claimed that appellant had forced himself on her.

## II. DISCUSSION

■ At trial, appellant desired to cross-examine the prosecutrix as to whether she had a homosexual relationship with her roommate. Appellant contended that such a relationship would have demonstrated that the prosecutrix had a motive to lie about any involvement with appellant. The military judge, citing Mil.R.Evid. 412, Manual for Courts–Martial, United States (1995 ed.), ruled that appellant could not cross-examine the prosecutrix about her relationship with her roommate.

■ Mil.R.Evid. 412(b)(1) provides that evidence of a victim's past sexual behavior with persons other than the accused is not admissible unless constitutionally required to be admitted. The rule "is intended to shield victims of sexual assaults from the often embarrassing and degrading cross-examination and evidence presentations common to prosecutions of such offenses." United States v. Hurst, 29 MJ 477, 480 (CMA 1990); see Drafters' Analysis of Mil.R.Evid. 412, Manual, supra at A22–35.

■ "Whether evidence is 'constitutionally required to be admitted' is reviewed on a case-by-case basis." United States v. Buenaventura, 45 MJ 72, 79 (1996). "Relevance is the key to determining when the evidence is 'constitutionally required to be admitted.'" United States v. Jensen, 25 MJ 284, 286 (CMA 1987); see also United States v. Knox, 41 MJ 28 (CMA 1994); United States v. Greaves, 40 MJ 432 (CMA 1994). The test for relevance is whether the evidence has "any tendency to make the existence of any fact ... more probable or less probable than it would be without the evidence." Mil. R.Evid. 401.

■ To overcome the prohibition of Mil. R.Evid. 412, the defense must establish a foundation demonstrating constitutionally required relevance, such as "testimony proving the existence of a sexual relationship that would have provided significant evidence on an issue of major importance to the case...." United States v. Moulton, 47 MJ 227, 229 (1997). "[D]efense counsel has the burden of demonstrating why the general prohibition in Mil.R.Evid. 412 should be lifted to admit evidence of the sexual behavior of the victim...." 47 MJ at 228.

The military judge conducted a hearing under Article 39(a), UCMJ, 10 USC § 839(a), at which the defense proffered that an unnamed witness, a female sergeant, would testify that she had seen the prosecutrix at an all-female club dancing with her roommate, hugging and kissing her, and "getting up under each other like women do." The pros-

ecutrix testified during the Article 39(a) session that no one could have seen her at a club dancing, hugging, and kissing her roommate.

Despite the defense counsel's vigorous argument that the questions she wished to ask about the "special relationship" between the prosecutrix and her roommate did not fall under Mil.R.Evid. 412 because they did not necessarily concern a sexual relationship, the military judge disagreed. He stated that he was willing to hear the testimony of the unnamed witness to determine whether there was enough of a foundation to go forward with the defense's theory of motive to fabricate to protect a relationship. He said he would hold an out-of-court hearing to consider whether the testimony would be probative of the issues in the case and whether it would be relevant and helpful; and then he would apply a balancing test. Ultimately, however, the defense did not identify the witness, despite the fact that she could have been compelled to appear.

In these circumstances, and in view of the denial of the prosecutrix, we hold that the military judge did not abuse his discretion in

finding that appellant failed to establish a sufficient foundation to demonstrate that the evidence was constitutionally required to be admitted under Mil.R.Evid. 412.

## III. DECISION

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD and GIERKE concur.

SULLIVAN, Judge (concurring in the result):

The majority relies on *United States v. Moulton*, 47 MJ 227 (1997), to affirm this case. I would rely on *Michigan v. Lucas*, 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991), and the Supreme Court cases cited therein for the proposition that an accused's right to present a defense may be lawfully burdened by an evidentiary rule such as Mil.R.Evid. 412. Otherwise, I agree with the majority that appellant has not satisfied the requirements of that rule in his case.