UNITED STATES, Appellee,

v.

Richard VELEZ, Jr., Sergeant, U.S. Marine Corps, Appellant.

No. 97–0425.
Crim.App. No. 94–0959.

U.S. Court of Appeals for the Armed Forces.

Argued Jan. 15, 1998.

Decided July 13, 1998.

For Appellant: *Lieutenant Patricia M. Sulzbach,* JAGC, USN (argued); *Major Scott B. Jack,* USMC (on brief); *Lieutenant Leslie K. Burnett,* JAGC, USNR.

For Appellee: *Lieutenant Russell J.E. Verby,* JAGC, USNR (argued); *Colonel Charles Wm. Dorman,* USMC, and *Commander D.H. Myers,* JAGC, USN (on brief); *Captain D.K. Margolin,* USMC.

*Opinion of the Court*

SULLIVAN, Judge:

During October and November 1993, appellant was tried by a general court-martial composed of officer and enlisted members at Marine Corps Air Station, Iwakuni, Japan. He was found guilty of 2 specifications of rape and 2 specifications of assault, in violation of Articles 120 and 128, Uniform Code of Military Justice, 10 USC §§ 920 and 928. Appellant was sentenced to a bad-conduct discharge, confinement for 4 years, and reduction to E–1. The convening authority approved the sentence on April 25, 1994. The Court of Criminal Appeals, on July 31, 1996,

set aside one finding of guilty of assault but approved the remaining findings of guilty and sentence in an unpublished opinion.

On July 25, 1997, this Court granted review on the following issues of law:

## I.

WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN DENYING THE CHALLENGE OF MEMBERS, THUS DENYING APPELLANT A FAIR AND IMPARTIAL TRIAL.

## II.

WHETHER THE MILITARY JUDGE ERRED IN SUPPRESSING CONSTITUTIONALLY REQUIRED EVIDENCE ESSENTIAL TO THE PRESENTATION OF APPELLANT'S DEFENSE.

We hold that the military judge did not abuse his discretion in denying appellant's challenge for cause against Gunnery Sergeant (GySgt) Crenshaw and in not *sua sponte* removing First Lieutenant (1stLt) Beggs and GySgt Winn from appellant's court-martial panel. *See United States v. Dinatale*, 44 MJ 325, 328 (1996)(record as a whole provides ample basis for deferring to trial judge's rulings on actual and implied bias). We also hold that the military judge committed no error in refusing to admit defense-proffered evidence concerning the alleged victim's past sexual conduct and prior complaint of rape. *See generally United States v. Carter*, 47 MJ 395, 396 (1998).

The Court of Criminal Appeals addressed appellant's claims against the court members who sat in his case as follows:

> The appellant argues that the military judge erred in denying the defense challenge of Gunnery Sergeant [GySgt] Crenshaw for cause and in not *sua sponte* dismissing GySgt W[i]nn and First Lieutenant [1stLt] Beggs during the course of the trial, notwithstanding the fact that the defense never challenged the latter two members.
>
> The fact that GySgt W[i]nn was casually acquainted with Mrs. W was not disqualifying where the member unequivocally

stated that he would not be influenced in any manner as a result of that acquaintance. Record at 288. Similarly, 1stLt Beggs disclosed that a Major to be called as a government rebuttal witness was his reviewing officer, but that their professional relationship would not affect his deliberations in any way. Record at 558. *See* Rules for Courts–Martial [RCM] 912(f), Manual for Courts–Martial, United States (1995 ed.)[MCM]. In any event, the appellant's failure to challenge GySgt W[i]nn or 1stLt Beggs at trial waived the issue of challenge as to these two members. RCM 912(f)(4).

> With regard to GySgt Crenshaw, the defense challenged the member for cause on the basis that he had two friends who had been victims of sexual assault, and because he had a 15–year–old daughter. The defense argued that he could not, therefore, view the evidence impartially. However, GySgt Crenshaw stated without any prompting: "[I]n my own honest opinion, Sergeant Velez is innocent until proven guilty. This is his case, it is not anyone else's." Record at 136. Further, he stated that he would consider all the evidence in the case and follow the military judge's instructions before making any determination as to guilt and sentence in the event of conviction. Record at 137–8. We conclude that the military judge did not abuse his discretion in denying the challenge for cause. *United States v. White*, 36 MJ 284, 287 (CMA 1993), *cert. denied*, 510 U.S. 1090, 114 S.Ct. 918, 127 L.Ed.2d 212 (1994). The first assignment of error is without merit.

Unpub. op. at 5–6.

The appellate court below also delineated appellant's exclusion-of-defense-evidence complaint as follows:

> In a pretrial motion and offer of proof, the defense sought to introduce at trial evidence of specific instances of Mrs. H's sexual behavior, under Military Rules of Evidence [Mil.R.Evid.] 404(b)(as proof of motive) and 412(b)(1) (as constitutionally required), Manual for Courts–Martial, United States, 1984 (1994 ed.). Appellate Exhibits V and VI. Record at 7 *et seq.*

More specifically, the defense sought to introduce evidence that Mrs. H was seen in a bar with her arms around a man not her husband; that she had made sexual advances toward other men; that she had an extramarital relationship with yet another man; and that she had in the past made a statement that she had been raped. The defense argued that Mrs. H had a motive to fabricate, based on revenge against the appellant's wife who had struck her in an altercation, and that Mrs. H's sexual behavior was relevant to her credibility.

We note that the defense theory of the case as to the charge of rape of Mrs. H was that Mrs. H's report was a total fabrication, and that she had not even been in the appellant's room on the night of the alleged rape. Following the evidentiary hearing and arguments, the military judge denied the defense motion, Record at 48 *et seq.*, reasoning that there was no nexus between Mrs. H's sexual behavior and a possible motive to fabricate because of an altercation with the appellant's wife. Further, the military judge found that evidence of Mrs. H's sexual conduct lacked relevancy and materiality as to the charged offense and failed to meet the standard that would constitutionally mandate admission of the evidence. The military judge entered his extensive essential findings and conclusions of law at Appellate Exhibit X.

Unpub. op. at 6–7 (footnote omitted).

— — —

I

Appellant's first assigned issue centers on his contention that the military judge should have excused three members from the court-martial panel which tried his case. He asserts that one member, GySgt Crenshaw, was personally biased against him because he admitted on *voir dire* that two close friends had been victims of rape during the past year and that his impartiality might be affected by the fact that he had a 15–year–old daughter. He also argues that a second member, GySgt Winn, should have been excused because he admitted that he knew one of the victims and was more apt to believe her. Finally, he claims that a third member, 1stLt Beggs, should have been removed because he admitted having a professional duty relationship with a rebuttal witness for the prosecution.

■ Article 41, UCMJ, 10 USC § 841, provides a military accused the right to challenge for cause detailed members of a court-martial. RCM 912(f)(1)(N), Manual for Courts–Martial, United States, 1984, more particularly states:

(f) *Challenges and removal for cause.*

(1) *Grounds.* A member shall be excused for cause whenever it appears that the member:

\* \* \*

(N) Should not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.

**Discussion**

Examples of matters which may be grounds for challenge under subsection (N) are that *the member:* has a direct personal interest in the result of the trial; is closely related to the accused, a counsel, or a witness in the case; has participated as a member or counsel in the trial of a closely related case; *has a decidedly friendly or hostile attitude toward a party;* or has an inelastic opinion concerning an appropriate sentence for the offenses charged.

(Emphasis added.)

Turning to the present case, we note that GySgt Crenshaw was not disqualified because two of his friends were raped in the past year. Appellant himself concedes that "a member is not automatically disqualified because of exposure to a particular offense." Final Brief at 9; *see United States v. Reynolds,* 23 MJ 292, 294 (CMA 1987); *United States v. Karnes,* 1 MJ 92, 94 (CMA 1975). Instead, he argues that GySgt Crenshaw's admitted concern for his own daughter as a result of those rape offenses established actual bias on his part towards appellant, who was also charged with rape. We disagree.

In this regard, we initially note that the record states the following concerning GySgt Crenshaw's disclosures:

TC: Were there any trials in those cases?

MEMBER (GYSGT CRENSHAW): Negative.

TC: Were they victims—did they know the aggressors?

MEMBER (GYSGT CRENSHAW): Yes, they did.

TC: Do you think that that experience, or your knowledge of those experiences, would influence you one way or the other in this case, or could you maintain impartiality through this trial?

MEMBER (GYSGT CRENSHAW): Only to the extent, sir, that I have a 15–year–old daughter that that definitely touched on it for me, yes, sir.

TC: But, that—does your experience with any of those cases, or knowledge of your 15–year–old daughter, cause you to think that Sergeant Velez would be more guilty or less guilty?

MEMBER (GYSGT CRENSHAW): No, sir.

■ Actual bias is a question of fact to be decided by the trial judge on the basis of the responses of the member and any other evidence presented at the court-martial. The military judge is afforded great deference on an actual bias question, greater deference than that afforded him on a question of implied bias. *See United States v. White*, 36 MJ 284, 287 (CMA 1993). Here, the member frankly disclosed his previous exposure to the crime of rape and his concern for his own daughter's safety from "date rape." Yet he further asserted that these matters would not impact on his impartiality towards appellant on findings or sentence; that appellant was innocent until proven guilty; and that he would follow the trial judge's instructions. On this record, we conclude that the judge did not abuse his discretion in determining that GySgt Crenshaw was sincere and that this challenge should be denied. *See United States v. Napoleon*, 46 MJ 279, 283 (1997)(unequivocal demonstration of impartiality); *Dinatale*, 44 MJ at 328.

■ Turning to appellant's post-trial challenge of GySgt Winn, we conclude that appellant fares no better. The record shows this court member initially stated that, *if* he knew one of the alleged rape victims in this case, he would be inclined to believe that witness. The concern on the member's part regarding this past relationship was expressed as follows:

TC: Yes, sir. Obviously we haven't established specifically whether you know the Mrs. [W] that might come here or not. If you were to see this person, and it was in fact the person you know, *would that in any way affect your opinion of their testimony, make it more believable or less believable, or could you maintain an open mind about the trial?*

MEMBER (GYSGT WINN): That's hard to say. *I would like to think that I would be able to be impartial.* But, when you know somebody, and you've dealt with them and you've talked to them and you've played with their kids, it does—it may have an effect on an individual. *I guess to be on the safe side, I would have to say yes, it would.*

TC: *So you think that you could not put your past dealings out of your mind with respect to listening to their testimony?*

MEMBER (GYSGT WINN): *I think I could*, but it's hard to say without hearing all the evidence and the proceedings and all that. Again, I would like to think I could.

(Emphasis added.)

Nevertheless, the record shows that, later, GySgt Winn himself brought to the attention of the trial court that he did in fact know one of the alleged victims. It states:

MJ: This 39(a) session is called to order. All persons present when the court recessed are again present. The members are absent.

Captain Lietzau, I believe you have a matter to bring to my attention.

TC: Yes, sir. Just as we were entering the courtroom one of the members mentioned that he was concerned because apparently during *voir dire* it had been de-

termined that he didn't know the Mrs. [W] of this case, and he said, having seen her in the hallway, he apparently put face with name and realized he had met her before, or something to that effect. I thought it might be appropriate to address. I believe the member was the one sitting on the far right here, Gunnery Sergeant Winn.

MJ: Bailiff, ask Gunnery Sergeant Winn to step inside the courtroom please.

Moreover, the record shows the innocuous nature of his connection to the alleged victim:

DC: Gunny, my question would be, how did you become acquainted with the [W]?

MEMBER (GYSGT WINN): Mrs. [W] worked at the credit union, of which I am a member. Through that is how I associated with her, dealing on a financial basis. Her husband I've met off and on through the years in the Marine Corps. I couldn't put a name with the face when it was first brought up, but we do see each other in passing. And that's just it, passing. I bring this up because I wanted to let the judge make a decision on what should or should not be—

MJ: I understand.

The record further contains his repeated disavowals that this tenuous relationship would actually influence him in any way in this case. Finally, the record shows that defense counsel did not even challenge this member on this basis. *See* RCM 912(f)(4). In view of all these circumstances, we conclude that the military judge did not commit any error in allowing this member to sit on this court-martial. *See United States v. Dinatale, supra* (record provides reason for trial judge's acceptance of disclaimer); *see also White, supra* at 288 (*voir dire* disclosed in full the innocuous nature of the contact).

■ Next, we consider 1stLt Beggs and his post-impanelment disclosure of a professional relationship with a government rebuttal witness. Initially, we note that this rebuttal witness had a professional relationship with three members and that such a relationship, in and of itself, does not require that a challenge for cause be granted. *See United States v. Lake*, 36 MJ 317, 324 (CMA 1993).

In addition, once on notice, 1stLt Beggs immediately disclosed his command relationship with the rebuttal witness, who was not originally listed as a witness earlier in this case. Moreover, although he admitted that, "[o]bviously I trust the man because I do work for him," he repeatedly asserted that he would not be influenced or give undue weight to this witness's testimony. Lastly, defense counsel expressly declined to challenge this member after full disclosure on the record of all these circumstances. *See* RCM 912(f)(4)(general forfeiture of challenge rule). Again, we see no error by the judge in allowing this member to sit in this case. *See United States v. White, supra* (no abuse of discretion in denying challenge based on official acquaintance).

■ Finally, as an additional appellate claim, appellant asserts that the military judge had a duty *sua sponte* to remove all three members noted above on the basis of "implied" bias. *See generally United States v. Minyard*, 46 MJ 229 (1997); *cf. United States v. Torres*, 128 F.3d 38, 45–47 (2d Cir.1997)(distinguishing limited challenges of implied bias *per se* from more common but permissible challenges of inferred bias). RCM 912(f)(4) does state that, "[n]otwithstanding the absence of a challenge[,] ... the military judge may, *in the interest of justice*, excuse a member against whom a challenge for cause would lie." (Emphasis added.) However, other than his appellate assertion of implied bias, appellant has proffered no argument which would have justified such drastic action by the military judge "in the interest of justice." Moreover, an objective evaluation of all the circumstances in this case, as shown in the record, reveals appellant's belated perception-of-unfairness argument to be unpersuasive. *See United States v. Napoleon* and *United States v. Dinatale*, both *supra*.

## II

■ The second assigned issue in this case asks whether appellant was denied his constitutional right to present a defense when the military judge prevented him from cross-examining one of the alleged victims about

her past sexual behavior. *See generally Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). In particular, appellant sought to question Mrs. H about her previous statement to appellant's wife and others that she woke up naked in another Marine's barracks room after drinking and playing pool. He also wanted to question her about her purported sexually aggressive conduct, while intoxicated in a public bar, towards a civilian, including putting her hand in his pants. Finally, he wanted to cross-examine her about a complaint of rape against still another Marine who lived in the same neighborhood as both she and appellant.

We initially note that appellant expressly stated that the above-noted sexual-conduct evidence was not offered to show the alleged victim was promiscuous and, thus, probably consented to sex with him on the night in question. Not only is such evidence irrelevant and inadmissible for such a purpose under Mil.R.Evid. 412, Manual, *supra,* but it would seriously undermine appellant's testimony in this case that the alleged victim did not have sex or even come to his barracks room that night. Moreover, this sexual-behavior evidence was not offered to show the alleged victim had a motive to fabricate her complaint against appellant. Other evidence unrelated to this sexual behavior evidence was admitted to show the alleged victim's feud with appellant's wife and intent to get even.

Instead, the defense asserted that it wanted to cross-examine the alleged victim on these matters in order to attack or impeach the credibility of her complaint. *See generally United States v. Banker,* 15 MJ 207, 210 (CMA 1983)(delineating different methods of impeachment besides motive). By adducing this evidence, appellant hoped to establish certain facts from which he could argue to the members that the alleged victim's complaint against him was improbable and should not be believed. The question before us, then, is whether this denied cross-examination prevented appellant from presenting evidence that was "constitutionally required" to be admitted under Mil.R.Evid. 412 and the Sixth Amendment. *See Davis v. Alaska, su-*

*pra; see also Michigan v. Lucas,* 500 U.S. 145, 111 S.Ct. 1743, 114 L.Ed.2d 205 (1991).

While the right to cross-examination is broad, it is not unlimited in scope; nor can it be conducted without due regard for applicable rules of evidence. *Id.* Reasonable limits on cross-examination intended to attack a witness's credibility may be based on concerns such as harassment, prejudice, confusion of issues, witness safety, repetitiveness, or marginal relevancy. *See Delaware v. Van Arsdall,* 475 U.S. 673, 679, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986). Indeed, the rape-shield law itself, Mil.R.Evid. 412, is constitutionally justified on this basis. *See Michigan v. Lucas, supra.* Accordingly, while relevance is required, it is not a sufficient basis alone to establish a constitutional violation. *United States v. Scheffer,* 523 U.S. 303, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998); *Carter,* 47 MJ at 396 (significant evidence on issue of major importance may not be constitutionally denied an accused).

Turning first to the pool-playing incident, appellant argues that it was relevant to assess the alleged victim's credibility with respect to her later complaint against him. He notes that her report concerning the earlier incident indicated that she was both intoxicated and playing pool with a Marine who was not her husband. He further notes that her complaint against him likewise asserted that she was drinking and wanted to play pool with a Marine who was not her husband. He argues that the similarity between the underlying circumstances of both stories is "curious" and "tends to go towards her credibility and should be considered by a court or jury, in terms of the possibility or the likelihood that a similar situation should reoccur." We reject this argument.

Appellant concedes that the alleged victim's prior story of waking up naked in another Marine's bed does not include a claim of rape. Thus, its relevance in showing the truth or falsity of her complaint of rape against him is not obvious. *See generally Wood v. State of Alaska,* 957 F.2d 1544, 1550–51 (9th Cir.1992). Moreover, the concurrence of underlying details in both stories, *i.e.,* drinking, wanting to play pool, being

with a Marine who was not her husband, and some sexual act are not so "unique" as to suggest contrivance or falsehood on the alleged victim's part. *See United States v. Sanchez*, 44 MJ 174, 179 (1996), citing *Winfield v. Commonwealth*, 225 Va. 211, 301 S.E.2d 15, 19 (1983). Finally, assuming the marginal relevance of her prior story, the admission of other more substantial evidence attacking the alleged victim's credibility precludes a finding that the excluded evidence was so weighty that constitutional error occurred as a result of its exclusion. *See Scheffer*, 523 U.S. at ——, 118 S.Ct. at 1264 (a constitutional violation requires the exclusion of evidence implicating "a weighty interest of the accused"); *United States v. Carter, supra.*

█ Appellant next argues that evidence of the alleged victim's prior sexual "assault" on a civilian while intoxicated was admissible under Mil.R.Evid. 404(b) on the issue of the victim's credibility. At trial, he argued that such sexually aggressive conduct while intoxicated contradicted her testimony in his case that she was unable to resist him because of her intoxicated state on the night in question. Further, he asserted that her sexual aggressiveness towards the person amounted to a crime of sexual "assault" and that it was "indicative of some mode of a lack of credibility." He argued:

It's probative on her credibility of being the victim of a sexual assault and we would—the inference we would ask the members to draw on this is that; is it reasonable to believe that a woman who says she was sexually assaulted by the accused in this case is capable of visiting a similar type of forcible or aggressive, unwanted, offensive, sexual touching on another, on one man in particular, Mr. M.

We note that appellant was required to articulate clearly a reason why the prior sexual aggressiveness of the alleged victim towards another man undermined her credibility with respect to her charge of rape against him. *See generally United States v. Brannan*, 18 MJ 181 (CMA 1984)(party seeking admission of evidence under Mil.R.Evid. 404(b) must particularly articulate theory of

admission). His contradictory conduct and reduced-probability arguments, noted above, do no more than suggest that a woman sexually aggressive with one man on one occasion cannot be truthful in claiming rape by another on a different occasion. These are character-credibility arguments within the meaning of Mil.R.Evid. 404(a)(3), which are barred by both Mil.R.Evid. 608(b)(requirement that specific instances of conduct be probative of truthfulness) and Mil.R.Evid. 412 (rape-shield law precludes diminished-credibility arguments based on past sexual conduct.) *See generally* C. Mueller and L. Kirkpatrick, 3 *Federal Evidence* § 264 at 165–66 (2d ed.1994); *see also United States v. Duty*, 16 MJ 855, 857 (NMCMR 1983)(citing host of military and civilian cases); *cf. United States v. White*, 45 MJ 345, 348 (1996)(evidence of mental inability, instance of inconsistency and contradiction, and poor character for truthfulness are admissible under Mil.R.Evid. 608(b)).

█ Turning to the evidence of a prior complaint of rape against another Marine, we are again struck by the absence of cogent argument from appellate defense counsel on the relevance of this evidence. More importantly, however, trial defense counsel's argument that this evidence shows that "really she's predisposed to making a statement of this nature" is logically and legally unsupported. *See 2 Federal Evidence, supra*, § 156 at 197. Moreover, we note that defense counsel at trial conceded that there was no evidence that the prior complaint of rape was false. *Cf. United States v. Bahr*, 33 MJ 228, 234 (CMA 1991)(evidence of prior false complaint is relevant). The mere filing of a complaint is not even probative of the truthfulness or untruthfulness of the complaint filed. *See United States v. Morrison*, 98 F.3d 619, 628 (D.C.Cir.1996). Thus, its relevance on the question of credibility of a different complaint in an unrelated case, such as appellant's, entirely escapes us. Again, appellant's arguments are conclusory in nature and legally insufficient to require admission of this evidence. *See generally United States v. Brannan, supra.*

■ As a final note, we also find that, in this case, the victim's past sexual history is not relevant because of the nature of appellant's defense theory. Appellant's defense was that the sexual incident never happened. Thus, it does not matter whether the victim was sexually active with other men. The defense tactic here was a smear-attempt to paint the victim in a bad light before the jury. The judge properly kept this material out of the trial. There was no error here.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.