UNITED STATES, Appellee,

v.

Aundrea K. AI, Sergeant, U.S. Army, Appellant.

No. 97–1004.
Crim.App. No. 9600416.

U.S. Court of Appeals for the Armed Forces.

Argued March 24, 1998.

Decided Sept. 14, 1998.

For Appellant: *Captain Thomas Jay Barrett* (argued); *Colonel John T. Phelps II, Lieutenant Colonel Michael L. Walters,* and *Major Leslie A. Nepper* (on brief).

For Appellee: *Colonel Joseph E. Ross* (argued); *Lieutenant Colonel Frederic L. Borch III, Captain Joel A. Novak,* and *Captain Elizabeth N. Porras* (on brief); *Captain Kelly R. Bailey.*

*Opinion of the Court*

SULLIVAN, Judge:

During January and March 1996, appellant was tried by a special court-martial composed of members at Fort Carson, Colorado. Contrary to pleas, he was found guilty of 2 specifications of requesting graft, in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to

a bad-conduct discharge, confinement for 6 months, and reduction to pay grade E–1. On June 6, 1996, the convening authority approved the sentence. The Court of Criminal Appeals affirmed these results without opinion on April 30, 1997.

On September 29, 1997, this Court granted review on the following issue of law assigned by appellate defense counsel and modified by this Court:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION WHEN HE DENIED THE DEFENSE MOTION CHALLENGING LIEUTENANT COLONEL MEDINA FOR CAUSE WHERE HE WAS A FRIEND AND FORMER SUPERVISOR OF A KEY GOVERNMENT WITNESS. *SEE UNITED STATES V. DOWNING*, 17 MJ 636, 640–41 (NMCMR 1983) (DECLARATION THAT MEMBER WOULD NOT BELIEVE FELLOW OFFICER AND FRIEND OVER OTHER WITNESSES DID NOT DISPEL DOUBT THAT MEMBER WOULD BE PREDISPOSED TO BELIEVE FRIEND OVER OTHER WITNESSES BASED ON PRIOR FAMILIAR RELATIONSHIP); *UNITED STATES V. GLENN*, 25 MJ 278, 279 (CMA 1987) (AS THE DEFENSE HAS ONLY ONE PEREMPTORY CHALLENGE, CHALLENGES FOR CAUSE ARE TO BE LIBERALLY GRANTED); *UNITED STATES V. HARRIS*, 13 MJ 288 (CMA 1982).

We hold that the military judge did not err in denying the challenge for cause against Lieutenant Colonel (LTC) Medina based on a prior working relationship with a prosecution witness. *United States v. Napoleon*, 46 MJ 279, 283 (1997), and *United States v. Lake*, 36 MJ 317, 324 (CMA 1993).

The record of trial shows that LTC Medina initially indicated that Sergeant First Class Gardner, a government witness in this case, had previously worked for him. He later specifically stated:

> [Individual *voir dire* of LTC Medina by the military judge:]

Q. Sir, you indicated previously, I believe, that you may know a Sergeant Gardner, is that right?

A. Yes, sir.

Q. Okay, would you tell me about that, please?

A. On returning back to Fort Carson after a 2–year unaccompanied tour in Germany, I had a Sergeant First Class Pat Gardner who worked for me when I worked for the DISCOM. He was a class I—a food service manager.

Q. Okay. And how long ago was that that you knew him?

A. He worked for me for about a year, so that was about 3 years ago.

Q. So, he worked for you for a year?

A. About—a little under a year.

Q. Okay. And did you have any dealings with him off duty?

A. No.

Q. *Okay. So, your dealings with him were strictly on duty, official-type dealings?*

A. *Yes, sir.*

Q. How often do you think you'd see him?

A. When he was working for me?

Q. Yes.

A. Every day.

Q. Okay. Did you rate him?

A. Yes, sir.

Q. Okay. And were you initial rater, senior rater?

A. I was the rater.

Q. The rater, the initial rater?

A. [nodding his head in the affirmative]

Q. All right. And have you seen him since you returned here?

A. No.

Q. If this is the same Sergeant First Class Gardner, would you be able to scrutinize his testimony like any other witness' testimony?

A. Yes, sir.

Q. The fact that you worked with him before and had prior dealings with him, do you believe that that would in any way impact your ability to listen to his testimony, to scrutinize his testimony, and listen to the rest of the testimony in this case

and scrutinize that testimony and make your decision? Would that in any way affect your ability to determine the issues in the case?

A. No.

Q. Now, earlier I gave you an instruction, and I said that you must apply the same standards in evaluating the testimony of each witness and not give the testimony of a particular witness more weight solely because of that witness' position, status, or station in life. And that's exactly what that question was designed to cover.

A. Yes, sir.

Q. Do you believe that you would give Sergeant Gardner's testimony any more weight than the weight of a particular witness solely because of your prior knowledge of him?

A. No.

* * *

[Individual *voir dire* of LTC Medina by the assistant defense counsel:]

Q. Sir, I just have a few questions for you. Did you say that the individual's name that you had had was Pat Gardner, Sergeant Pat Gardner?

A. That's correct.

Q. Do you remember his rank at the time that you—

A. Sergeant First Class.

Q. Sergeant first class? Do you know if his name was Patrick or Petrick?

A. I don't recall.

Q. And when you rated him, did you have an opportunity to test his honesty at that time?

A. Yes, sir.

Q. Okay. And if this Sergeant Gardner, if it was the same Sergeant Gardner, told you one thing and another person told you another thing that was different, would you believe him because you knew him?

A. I'd have to weigh all the information before I'd make that decision.

ADC: Okay. No further questions, Your Honor.

MJ: All right. Further questions by either party?

ATC: No, Your Honor.

(Emphasis added.)

Defense counsel challenged LTC Medina for cause and the record reflects the following ruling on that challenge by the military judge:

MJ: Give me the basis for your challenges [against two members], please.

ADC: For Lieutenant Colonel Medina, Your Honor, he stated that he did know a Sergeant First Class Pat Gardner, a witness in this case, a government witness in this case. His name is Sergeant First Class Petrick Gardner. Lieutenant Colonel Medina stated that for a period of almost 1 year, he saw Sergeant First Class Gardner on a daily basis. He worked with him, and he rated him, and he has outside observations of this witness which the other members will not; and therefore we feel—the defense offers that it's Lieutenant Colonel Medina's—in human nature, will observe him and weigh his credibility more in favor of his testimony than possibly inconsistent statements against what he has to say.

MJ: Government counsel, do you concur with the defense's challenges against these two witnesses [sic]?

ATC: No, Your Honor, we don't. Under the circumstances of this case, Lieutenant Colonel Medina knew one of the witnesses several years ago. They had a relationship which he characterized as being only a professional relationship. And, furthermore, Lieutenant Colonel Medina stated under oath to you that he would not give any undue deference to the testimony of this individual, and he would consider it with an open mind like he would any other witness in this case.

* * *

MJ: All right, concerning the challenge for cause against Colonel Medina, I put several questions to Colonel Medina. I listened to his responses. I observed his demeanor. I believe he can scrutinize and challenge the testimony of Sergeant First Class Gardner like anybody else's testimony, and I believe he can do that. And so, I

**4**

am going to deny your challenge for cause against Colonel Medina.

Later in the trial, LTC Medina confirmed that the witness was in fact the SFC Gardner he knew.

— — —

■ As a preliminary matter, we note that an accused in a federal civilian criminal trial has a constitutional right to impartial jury members to determine his guilt. *See Patton v. Yount,* 467 U.S. 1025, 1035, 104 S.Ct. 2885, 81 L.Ed.2d 847 (1984); *Irvin v. Dowd,* 366 U.S. 717, 722, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). A servicemember similarly has, as a matter of "fundamental fairness," the right to impartial court members to decide his guilt. *See Weiss v. United States,* 510 U.S. 163, 179, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994); *United States v. Modesto,* 43 MJ 315, 318 (1995). In addition, a military accused has a regulatory right to court members who appear to be impartial. *See* RCM 912(f)(1)(N), Manual for Courts–Martial, United States (1995 ed.);[1] *see generally Napoleon,* 46 MJ at 282–83. One procedure available to enforce these rights is the challenge for cause. *See* Art. 41, UCMJ, 10 USC § 841[2]; *see also* 28 USC § 1866(c).[3]

The granted issue in this case only asks whether the military judge abused his discretion in denying the defense challenge for cause against LTC Medina "where he was a friend and former supervisor of a key government witness." At trial, defense counsel challenged this member on the basis that, as a matter of "human nature," the member would "favor" the witness' testimony based on their prior experiences together. On appeal, defense appellate counsel argue that the challenge should have been granted because "[a] reasonable person might conclude that LTC Medina's bias toward believing SFC Gardner, a key witness, might not yield to the evidence . . . ." Final Brief at 6. These challenge-for-cause claims, although related, are legally distinct, *i.e.,* one is based on actual bias and the other on implied bias, and they require separate consideration under different principles of law. *See United States v. Velez,* 48 MJ 220, 224, 225 (1998).

■ Turning first to appellant's actual-bias complaint, we note that his objection at trial substantially asserts that LTC Medina was not impartial because he was naturally inclined to believe his co-worker's testimony. Bias in favor of a prosecution witness is not specifically delineated in RCM 912(f)(1)(A)–(N) as a mandatory ground for removal for

---

1. RCM 912(f)(1)(N) states:

    (f) *Challenges and removal for cause.*

    (1) *Grounds.* A member shall be excused for cause whenever it appears that the member:

    \* \* \*

    (N) Should not sit as a member in the interest of having the court-martial free from substantial doubt as to legality, fairness, and impartiality.

    **Discussion**

    Examples of matters which may be grounds for challenge under subsection (N) are that the member: has a direct personal interest in the result of the trial; is closely related to the accused, a counsel, or a witness in the case; has participated as a member or counsel in the trial of a closely related case; has a decidedly friendly or hostile attitude toward a party; or has an inelastic opinion concerning an appropriate sentence for the offenses charged.

2. Article 41 states:

    **§ 841. Art. 41. Challenges**

    (a)(1) The military judge and members of a general or special court-martial may be challenged by the accused or the trial counsel *for*

    cause stated to the court. The military judge, or, if none, the court, shall determine the relevancy and validity of challenges for cause, and may not receive a challenge to more than one person at a time. Challenges by the trial counsel shall ordinarily be presented and decided before those by the accused are offered. (Emphasis added.)

3. Section 1866(c) provides in pertinent part:

    [A]ny person summoned for jury service may be (1) excused by the court . . . upon a showing of undue hardship or extreme inconvenience, . . . or (2) excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings, or (3) excluded upon peremptory challenge as provided by law, or (4) excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown, or (5) excluded upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations.

cause. However, as noted above, the Supreme Court has generally recognized that an accused in a criminal trial has a constitutional right to an impartial factfinder. *See Patton, supra* at 1035. Moreover, RCM 912(f)(1)(M) precludes a member from sitting at a court-martial who has "formed ... a definite opinion as to the guilt or innocence of the accused." Finally, we have recently recognized that RCM 912(f)(1)(N) is broad enough to permit a challenge for cause against a member on the basis of favoring witnesses for the prosecution. *See Velez,* 48 MJ at 225.

■ Whether a member is partial or biased is a question of "historical fact" to be decided by the judge on the basis of the member's responses and any other evidence presented at the court-martial. *Patton, supra* at 1036, 1038, 104 S.Ct. 2885; *Napoleon, supra* at 283. Judge Calabresi, in *United States v. Torres,* 128 F.3d 38, 43 (2d Cir. 1997), defined "[a]ctual bias [as] 'bias in fact'—the existence of a state of mind that leads to an inference that the person will not act with entire impartiality." We review the military judge's finding on this factual question using an abuse-of-discretion standard (*see Napoleon, supra* at 283), and we will not reverse such a factual finding unless it is clearly erroneous, *United States v. Reister,* 44 MJ 409, 413 (1996); *see generally United States v. Travers,* 25 MJ 61, 63 (CMA 1987).

Here, there was evidence in the record that a prior work relationship existed but no evidence that the challenged member would "naturally" favor or believe SFC Gardner's testimony as a result thereof. On the contrary, the particular type of experience (a working relationship between an officer and enlisted member) and its limited duration (1 year) do not necessarily suggest such a pre-

disposition. More importantly, the challenged member repeatedly affirmed to the military judge that he would not be affected by this prior relationship in evaluating SFC Gardner's testimony and that he could and would weigh all the evidence in this case. This was an adequate basis for the judge to deny appellant's challenge at trial to LTC Medina on the grounds of actual bias. *Torres, supra* at 44–45; *cf. United States v. Devery,* 935 F.Supp. 393, 404 (S.D.N.Y.1996)(juror not sure of effect on his credibility judgment).

■ Appellant's expanded appellate challenge to LTC Medina also must be rejected. As noted above, he did not challenge LTC Medina on this basis at trial, and therefore, we review this post-trial claim only for plain or obvious error. *See Velez,* 48 MJ at 225.[4] In this regard, we note this Court has repeatedly held that a routine official or professional relationship between a member and a witness in a court-martial does not *per se* establish disqualifying implied bias. *Id.* at 225, citing *United States v. Lake,* 36 MJ 317, 324 (CMA 1993). Moreover, LTC Medina's candid disclosure of his past working relationship with this prosecution witness, its limited duration and scope, and his affirmative and unequivocal denial that he would be influenced by it convince us that no plain error occurred in this case. *See Torres, supra* at 47 n. 12 ("force of the juror's assurance" of impartiality may be considered by trial judge).

The decision of the United States Army Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges CRAWFORD, GIERKE, and EFFRON concur.

---

4. We need not decide today the precise standard for appellate review of a challenge actually made at trial which is based on the appearance of unfairness prohibited in RCM 912(f)(1)(N). *See United States v. Napoleon,* 46 MJ 279, 283 (1997); *cf. United States v. Rome,* 47 MJ 467, 469 (1998) (suggesting lesser standard of deference on review of implied-bias questions); *United States v. Torres,* 128 F.3d 38, 46–47 (2d Cir.1997); *United States v. Dinatale,* 44 MJ 325, 329 (1996)(suggesting clear-abuse-of-discretion standard for review by appellate court of such challenges).