CRAWFORD, Chief Judge
(concurring in part and in the result):
As I recently advocated in United States v. Wiesen, 56 MJ 172 (2001), if the doctrine of implied bias exists, its application must be limited “to those exceptional and extraordinary circumstances where a juror’s emotional attachment to an issue or participant in the court proceeding was such that it was very unlikely, by any objective measurement, that an average person could remain impartial in deciding the merits of the case.” Id. at 178 (Crawford, C.J., dissenting); see also United States v. Davenport, 17 MJ 242, 244 (CMA 1984)(“What we have sought to guard against is a member who harbors such bias toward the crime that he, based upon the facts ... and the law ..., cannot put his personal prejudices aside in order to arrive at a fair sentence for the accused.”). Accordingly, I follow the logic of our other federal appellate courts and examine individual courtmember disqualification based on that court member’s ability to be an impartial factfinder and, if required, a sentencing agent. I continue to be dismayed by the way this Court has shifted the focus of implied bias in the two decades since the Supreme Court decided Smith v. Phillips, 455 U.S. 209, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982). See Wiesen, supra at 179 n. 2 (Crawford, C.J., dissenting).
A military judge’s ruling on a challenge for cause is reviewed for a clear abuse of discretion. See Wiesen, supra at 178. As the majority opinion explains, the military judge failed, based on this Court’s precedent, to articulate the proper legal standard when denying appellant’s casual challenge of 2Lt Scott for implied bias. I agree that the military judge is not required to place his reasoning, analysis, or application of the law to the facts on the record when adjudicating implied bias claims.
I disagree with any requirement for a military judge to state on the record that “an objective public observer would find this level of friendship between the prosecutor -and a member of the court-martial panel consonant with a fair and impartial system of military justice.” 56 MJ at 422. First, to require the military judge to find, and then record, that a court member’s presence, after being refracted through the prism of public opinion, is “consonant with a fair and impartial system of military justice” undercuts the precedent of this Court, where we have often implied that we can gauge the public’s concept of *424 fairness as well as any trial judge. Secondly, if we continue to ignore the answers court members give under oath during voir dire in our attempt to determine public perception, to require the military judge to make implied bias findings on the record seems even more futile. This Court needs to refocus its sights and apply the doctrine of implied bias in accordance with Supreme Court precedent.
Like the majority, I find the military judge’s ruling to be dispositive of any actual bias claim. While a statement by the military judge that he considered the liberal-grant mandate and that defense counsel failed to persuade him in light of this mandate that the excusal of 2Lt Scott was necessary would be helpful on appellate review, no such statement is required. Military judges are presumed to know the law and apply it correctly. United States v. Prevatte, 40 MJ 396, 398 (CMA 1994).
Friendship is not a per se disqualifying factor in determining whether or not a court member is free from actual or implied bias. See, e.g., United States v. Bannwarth, 36 MJ 265 (CMA 1993)(close friendship between president of the court-martial and the appellant’s accuser was not automatically disqualifying); United States v. Porter, 17 MJ 377 (CMA 1984)(fact that trial counsel and court member were running buddies and went on volksmarches together did not constitute grounds for removing court member for implied bias).
Routine professional or official relationships between court members and witnesses are also not per se disqualifying factors. See United States v. Warden, 51 MJ 78 (1999); United States v. Ai, 49 MJ 1 (1998); United States v. Velez, 48 MJ 220 (1998). On the other hand, familial relationships can present disqualifying situations. See United States v. Glenn, 25 MJ 278 (CMA 1987)(Deputy Staff Judge Advocate erred by not disclosing to all parties that his sister-in-law was a member of the court-martial panel).
Since I find no emotional attachment by 2Lt Scott either to an issue or participant in appellant’s court-martial, I agree with the majority that appellant, even in light of this Court’s liberal-grant mandate, has failed to meet his burden of proof and persuasion.