# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DARRICK GARNER**
**United States Army, Appellant**

ARMY 20100684

Headquarters, V Corps
Lieutenant Colonel Wendy P. Daknis, Military Judge
Lieutenant Colonel Randolph Swansiger, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain Matthew T. Grady, JA (on brief). Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James P. Curtin, JA (on reply brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Catherine L. Brantley, JA; Captain Edward J. Whitford, JA (on brief).

28 February 2013

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

YOB, Senior Judge:

A panel of officer and enlisted members, sitting as a general court-martial, convicted appellant, contrary to his pleas, of two specifications of rape of a child under the age of twelve, and one specification of aggravated sexual contact with a child, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2006) [hereinafter UCMJ]. The panel sentenced appellant to confinement for eighteen months and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for confinement for seventeen months and twenty days and reduction to the grade of E-1.

GARNER -- ARMY 20100684

This case is before this court for review under Article 66, UCMJ. We have considered the record of trial, appellant's sole assignment of error alleging the military judge erred in denying a defense challenge for cause against a panel member, written briefs submitted by the parties on this issue, and additional matters personally raised by the appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

For the reasons set forth below, we find appellant's assignment of error merits discussion but no relief. We further find the matters raised by appellant, pursuant to *Grostefon*, do not merit relief. However, the issue alleging an improper sentencing argument by the trial counsel merits discussion as set forth below.

## LAW AND DISCUSSION

*Challenge for Cause Against a Panel Member*

During voir dire, one of the panel members, Chief Warrant Officer Two (CW2) ET, indicated she knew appellant and had some prior knowledge of the facts and events of the case. During individual voir dire, CW2 ET stated she was assigned to the same unit as appellant, had known him for about two years, and only saw him approximately once a week during work hours when she would take documents for him to sign. She never saw appellant outside the work environment. Chief Warrant Officer Two ET also said she was aware appellant formerly held the rank of Staff Sergeant. She disavowed any knowledge of why he was reduced in rank, promised not to hold this against appellant on findings or sentencing, and to not share this information with the other panel members.

Chief Warrant Officer Two ET indicated in voir dire that she heard rumors from other soldiers in the unit that appellant returned early from downrange for inappropriate behavior with his daughter but she could disregard any rumors she heard and decide the case based on the evidence produced at trial. Defense counsel asked no questions about the member's knowledge of the demotion but did ask her to expound on her prior knowledge of the case. In response, CW2 ET stated that on one or two occasions she heard these rumors about appellant's misconduct from lower-enlisted soldiers.

Chief Warrant Officer Two ET also stated, in response to the military judge's questions, she had previously been a panel member on a different case involving a similar charge and circumstances but there was nothing in that case that would prevent her from deciding appellant's case based solely on the evidence presented at his trial.

At the conclusion of voir dire, defense counsel made a challenge for cause against CW2 ET. The basis for this challenge was implied bias due to the member's

2

awareness that appellant had been reduced in rank, her prior knowledge of facts of the case, and her service as a panel member on a similar case in the past.

In her ruling, the military judge stated she "considered the challenge for cause on the basis of both actual and implied bias and also considered the mandate to liberally grant defense challenges." In denying the challenge, the military judge specifically found no actual or implied bias. The judge's findings referenced the answers CW2 ET gave to questions and her demeanor during voir dire indicating she did not give the rumors she heard any credibility, she really didn't know anything specific about the case, and she could disregard anything she'd heard and decide this case solely on the evidence. The military judge further noted the member was adamant she would not hold appellant's previous reduction in rank against him. The judge further found the member's prior experience as a panel member on a similar case and her knowledge of rumors did not "lend to implied bias that someone on the outside would not think was fair."

Actual bias is a question of fact to be decided by the trial judge on the basis of the responses of the member and any other evidence presented at the court-martial. The military judge is afforded great deference on an actual bias question, greater deference than that afforded him on a question of implied bias. *United States v. Velez*, 48 M.J. 220, 224 (C.A.A.F. 1998) (citing *United States v. White*, 36 M.J. 284, 287 (C.M.A. 1993)).

In light of this standard, there is no basis for us to disturb the trial judge's finding that CW2 ET exhibited no actual bias. This judge was able to question the member about possible bias, gauge her responses, and assess her demeanor and sincerity. We conclude the trial judge did not abuse her discretion in denying the challenge for cause on actual bias grounds.

The test for implied bias is objective. Viewing the circumstances through the eyes of the public and focusing on the perception or appearance of fairness in the military justice system, we ask whether, despite a disclaimer of bias, most people in the same position as the court member would be prejudiced. *United States v. Moreno*, 63 M.J. 129, 134 (C.A.A.F. 2006) (citing *United States v. Napolitano*, 53 M.J. 162, 167 (C.A.A.F. 2000)); *United States v. Warden*, 51 M.J. 78, 81 (C.A.A.F. 1999). "We look to determine whether there is 'too high a risk that the public will perceive' that the accused received less than a court composed of fair, impartial, equal members." *Moreno* 63 M.J. at 134 (citing *United States v. Weisen*, 56 M.J. 172, 176 (C.A.A.F. 2001)).

The standard for reviewing rulings on challenges involving implied bias is "less deferential than abuse of discretion, but more deferential than de novo review." *Moreno*, 63M.J. at 134 (citing *United States v. Armstrong*, 54 M.J. 51, 54 (C.A.A.F. 2004), *United States v. Napoleon*, 46 M.J. 279, 283 (C.A.A.F. 1997)). Where a

military judge has addressed implied bias by applying the liberal grant mandate on the record, that military judge will accordingly be granted "more deference on review than one that does not." *United States v. Clay*, 64 M.J. 274, 277 (C.A.A.F. 2007).

We also conclude the trial judge did not err in refusing to grant the challenge against this member on the basis of implied bias. The trial judge clearly articulated her consideration of the liberal grant mandate in her rejection of the challenge on implied bias grounds. Thus, we grant more deference to her decision than we would if she had failed to articulate her consideration of this principle.

During voir dire, CW2 ET was forthcoming about her limited prior knowledge of appellant and the case. She pledged to not discuss appellant's prior reduction in rank with other panel members and not hold this against appellant in her decisions on the findings and sentence. Chief Warrant Officer Two ET also committed to disregard the rumors she might have heard and decide the case by considering only the evidence presented at trial. Further, defense counsel did nothing in his voir dire questioning to further develop an argument supporting a challenge for an implied bias of CW2 ET. In fact, defense counsel's questions during individual voir dire highlighted CW2 ET only heard about appellant's misconduct once or twice, and this was in the form of vague rumors from junior enlisted soldiers as opposed to official reports within the chain of command.

In light of her assurances during voir dire, CW2 ET's prior knowledge of appellant's apparent demotion and the allegations against him do not require excusal of this member for implied bias. Nor does the fact that CW2 ET served on a prior unrelated case invoke implied bias. We do not find that most people in CW2 ET's situation would be prejudiced by this prior knowledge. We do not believe that members of the public would cast doubt on the fairness and impartiality of the panel because CW2 ET was one of the members. Therefore, we conclude that under the facts and circumstances of this case, the military judge did not err in denying the challenge of this member for implied bias. For this reason we reject appellant's allegation of error on this issue.

*Improper Sentencing Argument*

In matters personally raised by appellant pursuant to *Grostefon*, he alleges the trial counsel improperly commented on appellant's right to remain silent in his sentencing argument. Specifically, appellant claims it was error for trial counsel to have argued appellant had no rehabilitative potential because, "he has refused to say anything; [h]e's refused to apologize." The trial counsel made this sentencing argument at the conclusion of a trial during which appellant never testified on the merits and never testified or provided any unsworn statement during the sentencing phase of his trial. In fact, appellant rested without presenting any evidence in his

case-in-chief and again rested without presenting any evidence during the sentencing phase of the trial. During its case-in-chief and sentencing case, the government never presented any evidence that appellant failed to express remorse or made any statements that would be inconsistent with remorse.

In cases such as this one, where defense counsel fails to make a timely objection to the trial counsel's sentencing argument, raising the issue for the first time on appeal, we will not find error unless we conclude that the argument constituted plain error and materially prejudiced the rights of the accused. *United States v. Paxton*, 64 M.J. 484, 487 (C.A.A.F. 2007) (citing *United States v. Haney*, 64 M.J. 101, 105 (C.A.A.F. 2006)).

Given the failure of the government to lay any foundation at trial concerning appellant's lack of remorse,[*] we find trial counsel's sentencing argument, to the extent it claimed appellant refused to say anything and refused to apologize, constituted error which was plain and obvious. *Paxton*, 64 M.J. at 487 (citing *United States v. Edwards*, 35 M.J. 351, 355 (C.M.A. 1992)).

We further consider the effect this error had on the sentence. After our review of the record, we are convinced the sentence adjudged was appropriate in relation to the affirmed findings of guilty and was no greater than that which would have been imposed if the error had not been committed. *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). Therefore, no relief is warranted on this issue.

## CONCLUSION

On consideration of the entire record, the assignment of error raised, and the issues personally specified by appellant, pursuant to *Grostefon*, 12 M.J. 431, we hold the findings and sentence as approved by the convening authority are correct in law and fact. Moreover, the sentence as approved by the convening authority is appropriate.

---

[*] "As a general rule, the predicate foundation is that an accused has either testified or has made an unsworn statement, and has either expressed no remorse or his expression of remorse can arguably be construed as being shallow, artificial or contrived." Other evidence in the record may also give rise to the inference that an accused is not remorseful, but the inference may not be drawn from his decision not to testify or from his pleas of not guilty. *Edwards*, 35 M.J. at 355.

GARNER -- ARMY 20100684

Judge KRAUSS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court