# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Technical Sergeant ALLEN K. HOHENSTEIN
## United States Air Force

## ACM 37965 (rem)

## 20 March 2014

Sentence adjudged 26 March 2011 by GCM convened at Grand Forks Air Force Base, North Dakota.  Military Judge:  William C. Muldoon, Jr.

Approved Sentence:  Bad-conduct discharge, confinement for 6 months, and reduction to E-3.

Appellate Counsel for the Appellant:  Captain Travis K. Ausland (argued) and Captain Luke D. Wilson.

Appellate Counsel for the United States:  Major Tyson D. Kindness (argued); Colonel Don M. Christensen; and Gerald R. Bruce, Esquire.

Before

ROAN, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT

UPON REMAND

This opinion is subject to editorial correction before final release.

HARNEY, Senior Judge:

Contrary to his pleas, the appellant was convicted by a panel of officer members sitting as a general court-martial of one specification of rape by digital penetration by using force and one specification of wrongful sexual contact, in violation of Article 120, UCMJ, 10 U.S.C. § 920.  The members sentenced the appellant to a bad-conduct discharge, confinement for 6 months, and reduction to E-3.  The convening authority approved the sentence as adjudged.

On appeal, the appellant raises the following assignments of error: (1) The military judge erred by excluding evidence of the victim's prior false allegation against another person pursuant to Mil. R. Evid. 412; (2) The military judge erred by excluding impeachment evidence pursuant to Mil. R. Evid. 513; (3) The specifications fail to state offenses because they do not allege the element of specific intent; (4) The specifications are multiplicious or, in the alternative, constitute an unreasonable multiplication of charges; and (5) The military judge erred by providing the members the wrong mistake of fact instruction.

We previously affirmed the findings and sentence in this case. *United States v. Hohenstein*, ACM 37965 (A.F. Ct. Crim. App. 1 July 2013) (unpub. op.). On 21 November 2013, the Court of Appeals for the Armed Forces granted the appellant's petition for review on the issue of whether this Court's panel that reviewed the case was properly constituted. *United States v. Hohenstein*, ___ M.J. ___, No. 14-0003/AF (Daily Journal 21 November 2013). In the same order, the Court set aside our decision and remanded the case for an additional review and consideration of the panel constitution under Article 66(c), UCMJ, 10 U.S.C. § 866(c). *Id.*

Our decision today reaffirms our earlier decision dated 1 July 2013.

*Background*

The victim in this case, BW, was best friends with the appellant's daughter, KH. They met in 2009 when BW moved with her family to Grand Forks Air Force Base (AFB), North Dakota, where her father was a first sergeant. BW spent nearly every day with KH at the appellant's house, and described her relationship with the appellant's family as "pretty close." Often, BW called the appellant and his wife "dad" and "mom."

On 27 August 2010, KH invited BW to her house for a sleepover. That night, according to BW, the appellant grabbed her around her arms with both of his arms, put his hands down her pants, and digitally penetrated her vagina. BW testified that she was only able to get away from the appellant when KH walked by. She stated she was "overwhelmed," "extremely uncomfortable," and "kind of scared." She further stated that the appellant did not ask for permission, nor did she give him permission to digitally penetrate her vagina.

Prior to trial, the prosecution filed a motion in limine asking the military judge to preclude the defense from offering evidence of BW's past sexual behavior pursuant to Mil. R. Evid. 412. In a closed proceeding, BW testified that she had been sexually assaulted on a school bus by an older student a year prior to trial. After the incident, BW told her boyfriend what happened via text messages. BW only told her parents about the incident after they found the text messages on her cell phone and confronted her. BW

gave a statement to local law enforcement authorities, and later attended a civil hearing on the incident from which the perpetrator received a one-year restraining order.

The appellant countered with a witness, MP, who claimed to have been in the proximity when the assault occurred and said she did not see or hear anything. MP testified that the perpetrator (who did not testify at the hearing) talked to her after the incident and denied it ever happened. On cross-examination, MP admitted she did not actually know whether BW was assaulted or not. Trial defense counsel argued BW's prior allegation of sexual assault was false, and false allegations of prior sexual assault do not fall within the scope of Mil. R. Evid. 412. In the alternative, the defense argued the evidence was excepted under Mil. R. Evid. 412 as constitutionally required. Trial counsel argued the defense failed to meet its burden to show the evidence was admissible, and the evidence otherwise fell within the scope of Mil. R. Evid. 412.

After hearing the evidence, the military judge ruled the evidence was unclear and declined to find that BW made a prior false allegation of sexual assault: "[I]f [Mil. R. Evid.] 412 applies and defense has not established how this evidence is vital, it is unclear from the testimony of the witnesses that a false report was made." He continued: "[T]he evidence to be presented has very low probative value as the testimony of the witness who did not see the event is the only evidence offered for its falsity. Much more evidence supporting the truthfulness of the allegation was present." The judge concluded: "Given the need for a trial within a trial just to get to this potential false statement, the court finds that any probative value is substantially outweighed by the danger of unfair prejudice to the privacy of [BW], confusion of the issues, and undue delay."

*Military Rule of Evidence 412*

1. Prior Allegation of Sexual Assault.

The appellant first argues the military judge erred by excluding evidence of the victim's prior allegation of sexual assault under Mil. R. Evid. 412.[1] The appellant asserts that because BW made a prior false allegation of sexual assault, he should have been allowed to cross-examine her about the prior incident pursuant to Mil. R. Evid. 608(b). We disagree.

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010). An abuse of

---

[1] The Drafter's Analysis to Mil. R. Evid. 412, states that "[e]vidence of past false complaints of sexual offenses by an alleged victim of a sexual offense is not within the scope of this [R]ule and is not objectionable when otherwise admissible." Drafter's Analysis, *Manual for Courts-Martial, United States*, A22-36 (2008 ed.); *see also United States v. Smith*, 68 M.J. 445, 451 (C.A.A.F. 2010) (Erdmann, J., concurring in part and dissenting in part) (discussing the Drafter's Analysis and an accused's confrontational rights vis-a-vis Mil. R. Evid. 412).

discretion occurs when the findings of fact are clearly erroneous or the conclusions of law are based on an erroneous view of the law. *United States v. Hollis*, 57 M.J. 74, 79 (C.A.A.F. 2002). Findings of fact are reviewed under a clearly erroneous standard and conclusions of law are reviewed de novo. *United States v. Roberts*, 69 M.J. 23, 26 (C.A.A.F. 2010). Relying on our superior court's decisions, we find the military judge did not abuse his discretion when he excluded evidence of BW's prior allegation of sexual assault. *United States v. McElhaney*, 54 M.J. 120 (C.A.A.F. 2000); *United States v. Velez*, 48 M.J. 220 (C.A.A.F. 1998); *cf. United States v. Bahr*, 33 M.J. 228 (C.A.A.F. 1991).[2]

In *McElhaney*, our superior court analyzed whether the military judge abused his discretion by excluding evidence of the accuser's prior, unrelated allegations of rape. The Court noted the accusation against the perpetrator was irrelevant to the trial, provided an insufficient basis upon which to attack the victim's credibility, had no bearing on the validity of the allegations involving the appellant, and did not establish the victim's motive to fabricate allegations against the appellant. *McElhaney*, 54 M.J. at 130. Moreover, the Court stated "'[t]he mere filing of a complaint is not even probative of the truthfulness or untruthfulness of the complaint filed. . . . Thus, its relevance on the question of credibility of a different complaint in an unrelated case, such as [McElhaney's] case escapes us.'" *Id.* (alteration and omission in the original) (quoting *Velez*, 48 M.J. at 227). The Court pointed out that the record showed "nothing more than a mere complaint" made by the victim against the perpetrator, and that the defense counsel "proffered no evidence showing the complaint to be false, other than the unsurprising denial of [the perpetrator]." *Id.* The Court concluded the witness testimony the defense proffered to show the falsity of the prior accusation was a "secondhand statement" that amounted to a denial by the perpetrator of an unrelated rape accusation made by the victim. The Court found no abuse of discretion.

Likewise, in *Velez*, the Court found no abuse of discretion by preventing the accused from cross-examining the victim about a prior complaint of rape against another perpetrator. 48 M.J. at 227. The Court observed that trial defense counsel conceded there was no evidence the prior complaint of rape was false. *Id.* The Court concluded it was "struck by the absence of a cogent argument from defense counsel" on the relevance of the evidence, noting the relevance of the evidence on the issue of credibility of a different complaint in an unrelated case "entirely escapes us." *Id.*

---

[2] We interpret these cases consistent with the decision of our Navy-Marine Corps colleagues in *United States v. Savala*, NMCCA 200800818 unpub. op. at 3 (N.M. Ct. Crim. App 28 January 2010), *rev'd on other grounds*, 70 M.J. 70 (C.A.A.F. 2011): "[A]n accused has a constitutional right to offer evidence that his accuser made prior unrelated allegations of rape against third parties when there are *reliable indicia* that the prior allegations were false." (emphasis added). We agree with their analysis that this interpretation "reflects a careful balancing" of the right of the accused to be confronted with the witnesses against him and have "compulsory process for obtaining witnesses in his favor" under the Sixth Amendment, with the Congressional desire to shield rape victims from irrelevant and harassing inquiries into their prior sexual behavior under Mil. R. Evid. 412. *Savala*, unpub. op. at 2.

In *Bahr*, however, the Court concluded the military judge incorrectly prevented the accused from examining whether his accuser had lied to her schoolmates about being raped in order to seek attention. 33 M.J. at 233-34. The Court found it was an abuse of discretion to limit cross-examination of the victim's prior false allegation of rape when the purpose of the questioning was to expose the victim's motive to lie by calling attention to herself, and when the victim admitted she lied about the prior allegation. *Id.*

Applying *McElhaney*, *Velez*, and *Bahr* to this case, we find the evidence presented to the military judge at the Mil. R. Evid. 412 hearing was (1) irrelevant to the trial; (2) provided an insufficient basis upon which to attack BW's credibility; (3) had no bearing on the validity of the allegations involving the appellant; and (4) did not establish a motive on BW's part to fabricate allegations against the appellant. As such, the military judge did not abuse his discretion.

The primary evidence offered about the prior sexual assault consisted of BW's testimony describing the incident and MP's testimony stating she neither witnessed nor heard the incident. BW testified under oath and subjected herself to cross-examination that probed the truthfulness of her prior accusation. According to BW, the only persons present at the time of the incident, other than herself, were the bus driver and the perpetrator. She explained how her parents discovered the text messages about the incident, how they then confiscated her cell phone, and then confronted her about the incident. She stated this was the only reason she mentioned the incident to anyone other than her boyfriend. The evidence shows BW did not report the sexual assault to seek attention or avoid being in trouble but was compelled to do so by her parents.[3]

By contrast, MP's testimony was, at best, inconclusive about whether she was even on the bus the day of the sexual assault. Moreover, MP conceded that if she was on the bus, she did not hear or witness the sexual assault. Finally, the fact the perpetrator told MP he did not sexually assault BW is self-serving and has little impact on evaluating the truthfulness of the allegation, especially when offered through a "secondhand source." *McElhaney*, 54 M.J. at 130.

2. Constitutionally Required Evidence under Mil. R. Evid. 412(b)(1)(C)

The appellant next argues the military judge abused his discretion by not admitting the evidence as constitutionally required under Mil. R. Evid. 412(b)(1)(C), and by not

---

[3] The evidence also shows BW provided a statement to law enforcement agents and testified at a civilian hearing, which resulted in the perpetrator being issued a restraining order. As the *McElhaney* Court noted, the fact that the accusation did not result in a criminal prosecution is not probative of the truthfulness or untruthfulness of the allegation. *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (citing *United States v. Velez*, 48 M.J. 220, 227 (C.A.A.F. 1998)).

allowing the appellant to cross-examine BW on specific instances of misconduct under Mil. R. Evid. 608(b). We disagree.

"Evidence offered to prove that any alleged victim engaged in other sexual behavior" is "not admissible in any proceeding involving an alleged sexual offense except as provided in subdivisions (b) and (c)." Mil. R. Evid. 412(a). Subdivision (b) provides three exceptions to this general rule of exclusion. The third of these exceptions, the "constitutionally required exception," permits the admission of "evidence the exclusion of which would violate the constitutional rights of the accused." Mil. R. Evid. 412(b)(1)(C). Subdivision (c) provides the procedure to determine the admissibility of evidence offered under the three exceptions. Mil. R. Evid. 412(c). This procedure includes the "Mil. R. Evid. 412 balancing test," which requires that:

> If the military judge determines . . . that the evidence that the accused seeks to offer is relevant for a purpose under subsection (b) and that the probative value of such evidence outweighs the danger of unfair prejudice to the alleged victim's privacy, such evidence shall be admissible under this rule to the extent an order made by the military judge specifies evidence that may be offered and areas with respect to which the alleged victim may be examined or cross-examined. Such evidence is still subject to challenge under Mil. R. Evid. 403.

Mil. R. Evid. 412(c)(3). *See United States v. Ellerbrock*, 70 M.J. 314 (C.A.A.F. 2011); *United States v. Gaddis*, 70 M.J. 248 (C.A.A.F. 2011).

As a general rule, evidence must be admitted under Mil. R. Evid. 412(b)(1)(C) when the evidence is relevant, material, and its probative value outweighs the dangers of unfair prejudice. *See Gaddis*, 70 M.J. at 255. Relevant evidence is any evidence that has "any tendency to make the existence of any fact . . . more probable or less probable than it would be without the evidence." Mil. R. Evid. 401. The evidence must also be material, which requires looking at "'the importance of the issue for which the evidence was offered in relation to the other issues in th[e] case; the extent to which th[e] issue is in dispute; and the nature of the other evidence in the case pertaining to th[at] issue.'" *United States v. Banker*, 60 M.J. 216, 222 (C.A.A.F. 2004) (quoting *United States v. Colon–Angueira*, 16 M.J. 20, 26 (C.M.A. 1983)). If evidence is material and relevant, then it must be admitted when the accused can show the probative value of the evidence outweighs the dangers of unfair prejudice. *See* Mil. R. Evid. 412(c)(3); *Ellerbrock*, 70 M.J. at 319. Those dangers include concerns about "harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). If the military judge, after applying Mil. R. Evid. 403, finds the probative value of the evidence outweighs the danger of unfair prejudice, "it is admissible no matter how embarrassing it might be to the alleged victim." *Gaddis*, 70 M.J. at 256.

We find the military judge properly excluded evidence of the prior sexual assault against BW as it was not constitutionally required under Mil. R. Evid. 412(c)(3). The prior sexual assault was neither relevant nor material to the allegations involving the appellant; it occurred under different circumstances, with an unrelated third party; and it did not establish a motive on the part of BW to fabricate the allegations against the appellant. For these same reasons, we conclude the danger of unfair prejudice outweighed the probative value of the evidence. And, as the military judge noted, just to determine if the evidence of the prior allegation was false would have created a trial within a trial, thus confusing the issues and creating undue delay. As such, we find no basis upon which to conclude that the military judge abused his discretion. *See McElhaney*, 54 M.J. at 130.

The appellant asserts that Mil. R. Evid. 608(b) allowed him a means to attack BW's credibility by cross-examining her on specific instances of misconduct. An accused has a constitutional right to be confronted by the witnesses against him.[4] That right necessarily includes the right to cross-examine those witnesses. *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (citing *Douglas v. Alabama*, 380 U.S. 415, 418 (1965)). The right to cross-examination has traditionally included the right "'to impeach, *i.e.*, discredit the witness.'" *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (quoting *Davis*, 415 U.S. at 316). However, an accused is not simply allowed "'cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Van Arsdall*, 475 U.S. at 679 (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam)). Indeed, "'trial judges retain wide latitude' to limit reasonably a criminal defendant's right to cross-examine a witness 'based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Michigan v. Lucas*, 500 U.S. 145, 149 (1991) (quoting *Van Arsdall*, 475 U.S. at 679). But no evidentiary rule can deny an accused of a fair trial or all opportunities for effective cross-examination. *See Van Arsdall*, 475 U.S. at 679.

The military judge did not allow the appellant to cross-examine BW on this issue because the appellant failed to show BW had lied about the prior sexual assault. However, the military judge allowed the appellant to cross-examine BW on other instances related to her character for truthfulness, such as lying to her parents about breaking curfew, sneaking out of the house, and lying about her involvement in an alcohol related incident at school. In addition, the appellant elicited testimony from KH and MP that BW had a reputation for untruthfulness within the community of Grand Forks AFB. We find the military judge placed reasonable limits on the appellant's cross-examination of BW. *Olden*, 488 U.S. at 231; *Van Arsdall*, 475 U.S. at 679; *Davis*, 415 U.S. at 315.

---

[4] U.S. CONST. amend. VI.

*Military Rule of Evidence 513*

The appellant next argues the military judge abused his discretion when he excluded evidence pursuant to Mil. R. Evid. 513 the appellant claims he would have used to impeach BW.  At trial, BW testified that she understood her privilege under Mil. R. Evid. 513 and elected to exercise her privilege.  The defense later filed a motion seeking to confront BW with statements she made to therapists for the purpose of impeachment as constitutionally required under Mil. R. Evid. 513(d)(8).  After conducting an in camera review, the military judge denied the defense motion.  The military judge ruled that the records from the mental health professionals lacked specifics that showed any statements "made by [BW] that the [appellant] could confront [BW] with."

We agree with the military judge.  As he pointed out, the evidence in the mental health records was "scant."  Moreover, the military judge noted that "numerous other areas" were available to the appellant regarding BW's character for truthfulness, to include "school officials, teachers, peers, and parents who could testify much more adequately with more probative value" than the mental health providers.  In addition, the appellant was also allowed to cross-examine BW on some specific instances where she had been untruthful.  We find the military judge did not abuse his discretion.  *White*, 69 M.J. at 239.

*Failure to State an Offense*

Although not challenged at trial, the appellant argues Specifications 1 and 2 of Charge I fail to state offenses because they do not allege the element of specific intent. We disagree.

Whether a specification states an offense is a question of law we review de novo. *See United States v. Sutton*, 68 M.J. 455, 457 (C.A.A.F. 2010); *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006); *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994).  A charge and specification are sufficient if they allege every element of the offense expressly or by implication.  Rule for Courts-Martial (R.C.M.) 307(c)(3); *Sutton*, 68 M.J. at 457; *Crafter*, 64 M.J. at 211; *Dear*, 40 M.J. at 197.  This requires the charge and specification "'first, contain[ ] the elements of the offense charged and fairly inform[ ] a defendant of the charge against which he must defend, and second, enable[ ] him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (alterations in original) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1984)).  *See also Sutton*, 68 M.J. at 457; *Crafter*, 64 M.J. at 211; *Dear*, 40 M.J. at 197.  A specification is likewise sufficient so long as the elements "may be found by reasonable construction of other language in the challenged specification."  *United States v. Russell*, 47 M.J. 412, 413 (C.A.A.F. 1998) (citations omitted).

We find the phrases "sexual act" and "sexual contact" as defined in Article 120, UCMJ, are not "merely [] generic or descriptive term[s]" but are sufficiently definite in legal meaning to have put the appellant on notice of the charges against him. *See Hamling*, 418 U.S. at 118-19. Specification 1 charged the appellant with rape by force. It advised him that he engaged in a "sexual act" with BW by digitally penetrating her genital opening with strength sufficient that she could not avoid or escape the sexual conduct. We find the appellant knew he had to defend against having digitally penetrated the genital opening of the victim with the intent to abuse, humiliate, harass, or degrade the victim or to arouse or gratify the sexual desire of any person. *See* Articles 120(a)(1), (t)(1)(B), UCMJ.

Likewise, Specification 2 charged the appellant with wrongful sexual contact. The specification alleged he engaged in "sexual contact" with BW by digitally penetrating her genital opening without legal justification or lawful authorization, and without BW's permission. We find the appellant knew he had to defend against having intentionally touched the victim's genitalia with the intent to abuse, humiliate, or degrade the victim or to arouse or gratify the sexual desire of any person. *See* Articles 120(m), (t)(2), UCMJ. Thus, we find Specifications 1 and 2 of Charge I adequately notified the appellant of the charged offenses without specifically alleging specific intent.[5]

*Multiplicity and Unreasonable Multiplication of Charges*

Before trial, the appellant submitted a written motion to dismiss Specification 2 of Charge I, wrongful sexual contact, as an unreasonable multiplication of Specification 1 of Charge I, rape by using force.[6] Trial counsel conceded that "any sentences should be merged with respect to the specification," but also noted that the elements of the offenses were different and "what used to be considered a lesser included offense is no longer a lesser included offense. So, the [G]overnment is forced to put the lesser included offenses or all of the offenses on the Charge Sheet." The military judge found Specifications 1 and 2 of Charge I were not multiplicious, and deferred ruling on the unreasonable multiplication of charges for findings or sentencing "until the members have had an opportunity to do what they have to do during findings. When they come back with a verdict, [he would] readdress the issue."

---

[5] We note the appellant raises this issue for the first time on appeal. Failure to object to the issue of a specification's legal sufficiency does not constitute a waiver of any such legal sufficiency. Rule for Courts-Martial 905(e). However, we view "post-trial challenges with maximum liberality" in favor of upholding the specifications. *United States v. Watkins*, 21 M.J. 208, 210 (C.M.A. 1986) ("A flawed specification first challenged after trial. . . is viewed with greater tolerance than one which was attacked before findings and sentence."); *see also United States v. French*, 31 M.J. 57, 59 (C.M.A. 1990) ("Specifications which are challenged immediately at trial will be viewed in a more critical light than those which are challenged for the first time on appeal.").

[6] The appellant also moved to dismiss Specification 4 of Charge I as an unreasonable multiplication of Specification 3 of Charge I. The members acquitted the appellant of those Specifications. Therefore, we will only address the issues as they relate to Specifications 1 and 2 of Charge I.

After the members convicted the appellant of Specifications 1 and 2 of Charge I, the military judge ruled the remaining specifications were not an unreasonable multiplication of charges that required dismissal of Specification 2 of Charge I. For sentencing purposes, however, the military judge merged the specifications into one offense, and instructed the members to consider them as such when determining an appropriate sentence. The appellant now argues that Specifications 1 and 2 of Charge I were multiplicious and constitute an unreasonable multiplication of charges, and asks us to dismiss Specification 2 of Charge I on both grounds. We decline to do so.

We review issues of multiplicity de novo. *United States v. Paxton*, 64 M.J. 484, 490 (C.A.A.F. 2007). Multiplicity is an issue of law that enforces the Double Jeopardy Clause.[7] *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). Accordingly, an accused may not be convicted and punished for two offenses where one is necessarily included in the other, absent congressional intent to permit separate punishments. *See Teters*, 37 M.J. at 376; *see also* R.C.M. 907(b)(3), Discussion. Where legislative intent is not expressed in the statute or legislative history, "it can also be presumed or inferred based on the elements of the violated statutes and their relationship to each other." *Teters*, 37 M.J. at 376-77. Thus, "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Blockburger*, 284 U.S. at 304 (citation omitted). Accordingly, multiple convictions and punishments are permitted for a distinct act if the two charges each have at least one separate statutory element from the other.

We find Specifications 1 and 2 of Charge I were not multiplicious. The offense of rape by force as charged in Specification 1 and the offense of wrongful sexual contact as charged in Specification 2 have distinct elements. The elements of rape by force are that the accused caused another person, of any age, to engage in a sexual act by using force against the other person. *Manual for Courts-Martial, United States* (*MCM*) Part IV, ¶ 45.a.(a) (2008 ed.). The elements of wrongful sexual contact are (1) that the accused had sexual contact with another person; (2) that the accused did so without the other person's permission; and (3) that the accused had no legal justification or lawful authorization for the sexual contact. *MCM*, Part IV, ¶ 45.a.(m). The offense of wrongful sexual contact requires proof of lack of permission, which is not required to prove the offense of rape by force. As such, the military judge properly found that Specifications 1 and 2 were not multiplicious.

---

[7] U.S. CONST. amend. V.

"Unreasonable multiplication of charges is reviewed for an abuse of discretion." *United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F. 2004) (citation and quotation marks omitted). In determining issues of unreasonable multiplication, we apply a five-part test that considers: (1) Whether a multiplicity objection was made at trial; (2) Whether the specifications are aimed at distinct criminal acts; (3) Whether the number of charges and specifications misrepresent or exaggerate the charged criminality; (4) Whether the number of charges and specifications unreasonably increase the punitive exposure; and (5) Whether the evidence shows prosecutorial overreaching or abuse in drafting the charges. The factors are to be balanced, with no single factor dictating the result. *Id*. (citing *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001)).

In *Campbell*, our superior court stated the concept of unreasonable multiplication of charges may apply differently to findings than to sentencing. In that case, the military judge ruled that the three offenses the accused was charged with were not multiplicious. He deferred ruling on the issue of unreasonable multiplication of charges until sentencing, at which time he merged the three offenses into one for purposes of sentencing. The Court found the military judge did not abuse his discretion, noting it was within the judge's discretion to conclude that for sentencing purposes the "specifications should be merged and that it would be inappropriate to set the maximum punishment based on an aggregation of the maximum punishments for each separate offense." *Campbell*, 71 M.J. at 25.

Applying *Campbell* and *Quiroz* to this case, we find the appellant was not subjected to an unreasonable multiplication of charges. The Specifications were aimed at different crimes with distinct elements. The Government's charging scheme focused on exigencies in proof, and did not exaggerate the appellant's criminality or unreasonably increase his punitive exposure. We find no evidence of prosecutorial overreaching or abuse, particularly in light of the fact that trial counsel conceded the Specifications should be merged for sentencing if the members convicted the appellant of both offenses. In sum, under *Campbell*, the military judge properly exercised his discretion by deferring his ruling on unreasonable multiplication of charges until the members returned their verdict, and then merging the specifications for sentencing rather than dismissing them.

*Mistake of Fact Instruction*

At the conclusion of the evidence, the military judge provided a draft copy of his proposed instructions to counsel for the prosecution and the defense. The proposed instructions included the mistake of fact instruction, which read in part that the "ignorance or mistake must have existed in the mind of the accused and must have been reasonable under all the circumstances." The military judge asked both sides if they had any objections or requests for additional instructions. Both sides answered in the negative. The military judge then read the instructions to the members.

For Specifications 1 and 3 of Charge I, the military judge instructed on mistake of fact in part by saying as follows: "If you are convinced beyond a reasonable doubt, as the time of the offenses in Specifications 1 and 3, *the accused was under a mistaken belief that the alleged victim consented*, the defense does not exist."[8] (emphasis added). The military judge should have said "the accused was not under a mistaken belief," but omitted the word "not." When giving the same instruction for Specifications 2 and 4 of Charge I, the military judge recited the instruction correctly by including the word "not" before the word "under" when referring to the appellant's mistaken belief.

The military judge then provided copies of the written instructions to the members, which also cited the correct law regarding mistake of fact as to consent for Specifications 1-4. At the close of the oral findings instructions, the military judge asked the members if they had any questions; they did not. Trial and defense counsel had no objections to the instructions provided to the members.

The appellant argues the military judge erred when he (1) instructed the members that the mistake must have existed in the mind of the appellant and must have been reasonable under the circumstances, and (2) omitted the word "not" from the instruction for Specifications 1 and 3 of Charge I, thereby misleading the members. Whether the military judge properly instructed a panel is a question of law we review de novo. *United States v. Ober*, 66 M.J. 393, 405 (C.A.A.F. 2008); *United States v. Maxwell*, 45 M.J. 406, 425 (C.A.A.F. 1996). "[T]he military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law." *United States v. Westmoreland*, 31 M.J. 160, 164 (C.M.A. 1990) (quoting *United States v. Graves*, 1 M.J. 50, 53 (C.M.A. 1975)).

Contrary to the appellant's assertion, the military judge gave the proper mistake of fact instruction. The appellant argues the military judge should have instructed the

---

[8] The judge instructed the members as follows:

"Mistake of fact as to consent" means the accused held, as a result of ignorance or mistake, an incorrect belief that the other person engaging in the sexual conduct consented. The ignorance or mistake of fact must have existed in the mind of the accused and must have been reasonable under all the circumstances. To be reasonable the ignorance or mistake of fact must have been based on information, or lack of it, that would indicate to a reasonable person that the other person consented.

The prosecution has the burden of proving beyond a reasonable doubt that the mistake of fact as to consent did not exist. If you are convinced beyond a reasonable doubt, at the time of the offenses in Specifications 1 and 3, the accused was under a mistaken belief that the alleged victim consented, the defense does not exist. Even if you conclude the accused was under a mistaken belief that the alleged victim consented, if you are convinced beyond a reasonable doubt that at the time of the charged rape and aggravated sexual contact, the accused's mistake was unreasonable, the defense does not exist.

members that the mistake of fact only existed in the mind of the appellant, and the judge erred by including the "reasonable under the circumstances" language. We disagree. R.C.M. 916(j)(3)[9] states the mistake of fact in sexual assault cases "must have existed in the mind of the accused and must have been reasonable under the circumstances." *See also MCM*, Part IV, ¶ 45.a.(t)(15) (defining mistake of fact for sexual assault cases under Article 120, UCMJ, as requiring the ignorance or mistake "to exist in the mind of the accused" and to have been "reasonable under all the circumstances"). This standard applies to the case sub judice. We find that the military judge properly instructed the members consistent with the statutory language of Article 120, UCMJ.

In addition, we also find the military judge did not mislead the members when he omitted the word "not" from the oral mistake of fact instruction for Specifications 1 and 3 of Charge I. *See United States v. Alford*, 31 M.J. 819 (A.F.C.M.R. 1990) (the "fact that the judge misspoke" when giving instructions did not "mandate reversal" when it was "a minute error that [did] not detract from an otherwise proper and complete instruction," and the members were not misled by the error).

Although the military judge omitted the word "not" from the oral mistake of fact instruction for Specifications 1 and 3 of Charge I, we nevertheless find he accurately informed the members of the correct legal standard for mistake of fact. The military judge provided the members with accurate written copies of the instructions on mistake of fact as to consent. Considering the instructions in this case in their entirety, we find that the members were not misled by the military judge's omission of the word "not" from the mistake of fact instructions. In fact, they were given the accurate legal standards to guide them as they deliberated, and we find no error that materially prejudiced as substantial right of the appellant.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[10] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[9] Rule for Courts-Martial 916(j)(3) states, in part:

> It is an affirmative defense to a prosecution for Article 120(a), rape, Article 120(c), aggravated sexual assault, Article 120(e), aggravated sexual contact, and Article 120(h), abusive sexual contact that the accused held, as a result of ignorance or mistake, an incorrect belief that the other person engaging in the sexual conduct consented. The ignorance or mistake of fact must have existed in the mind of the accused and must have been reasonable under all the circumstances. To be reasonable the ignorance or mistake of fact must have been based on information, or lack of it, that would indicate to a reasonable person that the other person consented.

[10] Although not raised by the appellant, we also address the delay in appellate processing. In this case, the overall delay between the date this case was docketed with and completely reviewed by this Court is facially unreasonable. Because the delay is facially unreasonable, we examine the four factors set forth in *Barker v. Wingo*, 407 U.S. 514,

Accordingly, the approved findings and sentence are

AFFIRMED.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

530 (1972):  (1) the length of the delay, (2) the reasons for the delay, (3) the appellant's assertion of the right to timely review and appeal, and (4) prejudice.  *United States v. Moreno*, 63 M.J. 129, 135-36 (C.A.A.F. 2006).  When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor.  *See United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006). This approach is appropriate in the appellant's case.  The post-trial record shows no evidence that the delay has had any negative impact on the appellant.  Having considered the totality of the circumstances and entire record, we conclude that any denial of the appellant's right to speedy post-trial review and his appeal was harmless beyond a reasonable doubt and that no relief is warranted.

ACM 37965 (rem)