Judge STUCKY delivered the opinion of the Court.
After Appellant testified on her own behalf, a court'member asked if she was aware of the concept of lying by omission. We granted Appellant’s petition for review to consider whether the military judge abused his discretion by failing to grant a mistrial or to sua sponte excuse the court member. We hold that the military judge did not abuse his discretion in not granting the mistrial, and he did not have a sua sponte duty to excuse the member.
I. Posture of Case
Appellant was charged with conspiracy to desert her unit, two specifications of desertion, and making a false official statement. Articles 81, 85, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 885, 907 (2012). To each of the two desertion specifications, Appellant pled not guilty but guilty of absence without leave. Article 86, UCMJ, 10 U.S.C. § 886 (2012). She pled not guilty to the other charges. A general court-martial composed of members convicted Appellant of absence without leave, desertion, conspiracy, and making a false official statement. Court members sentenced her to a bad-conduct discharge, confinement for twenty-four months, forfeiture of all pay and allowances, reduction to the lowest enlisted grade, a fine of $1,650, and additional confinement of thirty-six days if she failed to pay the fine. Except for the contingent confinement, the convening authority approved the adjudged sentence.
The United States Air Force Court of Criminal Appeals (CCA) affirmed the findings and the approved sentence. United States v. Mcfadden, No. 37438, 2012 CCA LEXIS 90, at *4, 2012 WL 1059023, at *1 (A.F.Ct.Crim.App. Mar. 15, 2012) (unpublished). We granted review to decide whether the military judge abused his discretion by failing to excuse a court member, and vacated and remanded the case to the CCA to consider the granted issue in light of United States v. Nash, 71 M.J. 83 (C.A.A.F.2012), without prejudice to raise other issues. United States v. McFadden, 71 M.J. 403 (C.A.A.F.2012) (summary disposition).
In an opinion by Judge Soybel, a civilian appointed as an appellate military judge by the Secretary of Defense, a panel of the CCA held that the military judge did not abuse his discretion in failing to excuse the member. United States v. McFadden, No. 37438 (f rev), 2013 CCA LEXIS 240, at *2, *11, 2013 WL 1319455, at *4 (A.F.Ct.Crim.App. Mar. 19, 2013) (unpublished). This Court set aside the CCA’s judgment and returned the case for further review in light of the Supreme Court’s opinion in Ryder v. United States, 515 U.S. 177, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995) (concerning the method of appointing civilians as appellate military judges), and United States v. Carpenter, 37 M.J. 291 (C.M.A.1993), vacated, 515 U.S. 1138, 115 S.Ct. 2572, 132 L.Ed.2d 823 (1995). United States v. McFadden, 73 M.J. 41 (C.A.A.F.2013) (summary disposition). A panel of the CCA that did not include Judge Soybel affirmed the findings and approved sentence. *89 United States v. McFadden, No. 37438 (f rev), 2013 CCA LEXIS 814, at *12, 2013 WL 5436703, at *4 (A.F.Ct.Crim.App. Sept. 26, 2013).
II. Facts
At trial, Appellant testified on her own behalf that she never intended to remain away from her unit permanently, she always planned to return to the military, and she did eventually turn herself in to military control. The military judge asked Appellant if she told either of the investigators who interviewed her that she intended to return. The defense did not object to the question or ask • for an Article 39(a), UCMJ, 10 U.S.C. § 839(a) (2012), hearing. Appellant answered: “Oh. I don’t believe they ever asked.” The Government then asked if Senior Airman (SrA) Aeree, another military investigator, had asked her if she intended to come back. The defense objected on the ground that the question was beyond the scope of permissible cross-examination. The military judge overruled the defense objection. Appellant answered: “Yes, sir, but I used my right to remain silent at the time.”
Major Cereste, a court member, and Appellant then engaged in the following exchange:
Q. My next question is: You testified today on numerous accounts of overt deception, and to me you seem to have a heightened intuition of other people’s motives. For example, you were aware that perhaps Airman Dover might tell people X, Y, Z, so you told her certain things. Have you also heard of lying by omission — so—exercising your right to remain silent. So, how, is your testimony today regarding never intending to desert the Air Force permanently different from your previous pattern of deception?
A. Because, before, I had never formed the intent to remain away permanently. And I’ve already admitted to going AWOL, which I take responsibility for, but I don’t want people to think that intent was to never come back.
During a subsequent Article 39(a) hearing, the defense moved for a mistrial, asserting that, “[a]s a direct result of that dine of questioning, Major Cereste ... accused Airman McFadden of lying by omission by exercise of her right to remain silent.”[1] The military judge declined to grant the mistrial but offered to instruct the panel. The military judge solicited appropriate language for the curative instruction from the defense and based his instruction on.that language: ‘You may not consider the accused’s exercise of her right to remain silent in any way adverse to the accused. You may not consider such exercise as lying by omission.” The military judge so instructed the members at the next open session of the court-martial. The defense did not ask the military judge to voir dire or excuse any members.
III. Discussion
A. Failure to Grant Mistrial
A military judge “may, as a matter of discretion, declare a mistrial when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings.” Rule for Courts-Martial (R.C.M.) 915(a). “[A] mistrial is an unusual and disfavored remedy. It should be applied only as a last resort to protect the guarantee for a fair trial.” United States v. Diaz, 59 M.J. 79, 90 (C.A.A.F.2003). It ‘“is reserved for only those situations where the military judge must intervene to prevent a miscarriage of justice.’ ” United States v. Vazquez, 72 M.J. 13, 19 n. 5 (C.A.A.F.2013) (quoting United States v. Garces, 32 M.J. 345, 349 (C.M.A.1991)).
“Because of the extraordinary nature of a mistrial, military judges should explore the option of taking other remedial action, such as giving curative instructions.” United States v. Ashby, 68 M.J. 108, 122 (C.A.A.F.2009). A curative instruction is preferred to granting a mistrial, which should only be granted “when ‘inadmissible *90 matters so prejudicial that a curative instruction would be inadequate are brought to the attention of the members.’ ” Diaz, 59 M.J. at 92 (quoting R.C.M. 915(a) Discussion). “We will not reverse a military judge’s determination on a mistrial absent clear evidence of an abuse of discretion.” Ashby, 68 M.J. at 122, quoted in United States v. Coleman, 72 M.J. 184, 186 (C.A.A.F.), cert. denied, — U.S. -, 134 S.Ct. 458, 187 L.Ed.2d 307 (2013).
At trial, Appellant moved for a mistrial, arguing that the trial counsel’s line of questions to Appellant caused Major Cereste to accuse Appellant of “lying by omission,” and that the Government was attempting to obtain “comment on her right to remain silent on the record and into the members’ ears.” Appellant now alleges that Major Cereste’s comments indicated that she had already found Appellant guilty of the offense of false official statement before the close of the evidence and instructions by the military judge. In determining whether the military judge abused his discretion by not granting a mistrial, we look to the actual grounds litigat.ed at trial.
There is no evidence that the trial counsel was attempting to bring Appellant’s invocation of her right to remain silent to the attention of the members. The trial counsel appears to have asked about Appellant’s interaction with SrA Aeree seeking clarification of Appellant’s statement that she did not believe the investigators asked her if she had intended to return to military control. It was Appellant who decided that, rather than just answer the question asked, she would provide an explanation: that SrA Aeree had asked, but that she had invoked her right to remain silent.
Using the instruction approved by the defense, the military judge told the members that they could not consider Appellant’s invocation of her right to remain silent against her, and that they could not consider her invocation of those rights as lying by omission. “ ‘Absent evidence to the contrary, court members are presumed to comply with the military judge’s instructions.’ ” United States v. Hornback, 73 M.J. 155, 161 (C.A.A.F.2014) (quoting United States v. Thompkins, 58 M.J. 43, 47 (C.A.A.F.2003)). Major Cereste’s question was not so prejudicial that a curative instruction was inadequate, and there is no evidence the members did not follow those instructions. The military judge did not abuse his discretion by denying the motion for mistrial.
B. Failure to Sua Sponte Excuse Major Cereste
The parties have the right to challenge court members for cause. Article ■41(a)(1), UCMJ, 10 U.S.C. § 841(a)(1) (2012). “A member shall be excused for cause whenever it appears that the member ... [sjhould not sit as a member in the interest of having a court-martial free from substantial doubt as to legality, fairness, and impartiality.” R.C.M. 912(f)(l)(N). A party may challenge a member for cause “during trial when it becomes apparent that a ground for challenge may exist,” and a hearing may be held to resolve the issue. R.C.M. 912(f)(2)(B). Appellant did not ask to voir dire or challenge Major Cereste.
The military judge “may, in the interest of justice, excuse a member against whom a challenge for cause would lie.” R.C.M. 912(f)(4) (emphasis added). A military judge has the discretionary authority to sua sponte excuse the member but has no duty to do so. See Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 346, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005) (“The word ‘may’ customarily connotes discretion.”); Bryan A. Garner, Garner’s Dictionary of Legal Usage 568 (3d ed. 2011).
This Court has characterized the discretionary authority of a military judge to excuse a member sua sponte “ ‘in the interest of justice’ ” as a “drastic action.” United States v. Velez, 48 M.J. 220, 225 (C.A.A.F.1998) (quoting R.C.M. 912(f)(4)). We hold that the military judge did not have a duty to sua sponte excuse Major Cereste.
IV. Judgment
The judgment of the United States Air Force Court of Criminal Appeals is affirmed.

. This issue could have been avoided had the military judge reviewed and ruled on the court member’s questions before permitting them to be posed to Appellant. See Military Rule of Evidence 614(b).