# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Brian J. GREEN
### Machinery Technician First Class (E-6), U.S. Coast Guard

### CGCMG 0310
### Docket No. 1400

### 20 January 2016

General Court-Martial convened by Commander, Fifth Coast Guard District.  Arraignment by VTC on 24 October 2013, motions heard on 23 January 2014; tried at Washington, DC, on 24-28 February 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Nicholas G. Smith, USCGR |
| Assistant Trial Counsel: | LT Bret F. McCall, USCGR |
| Assistant Trial Counsel: | LT Jeffrey C. Barnum, USCG |
| Defense Counsel: | LT Philip A. Jones, USCGR |
| Assistant Defense Counsel: | LCDR Angela Tang, JAGC, USN |
| Appellate Defense Counsel: | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

### BEFORE
### McCLELLAND, HAVRANEK & BRUCE
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial composed of enlisted members.  Contrary to his pleas, Appellant was convicted of six specifications of maltreatment of persons subject to his orders, in violation of Article 93, Uniform Code of Military Justice (UCMJ); one specification of unlawful sexual contact and one specification of indecent exposure, both in violation of Article 120, UCMJ; and three specifications of communicating indecent language and two specifications of indecent exposure by showing a picture, all in violation of Article 134, UCMJ.  The court sentenced Appellant to confinement for four months, reduction to E-3, and a bad-conduct discharge.  The Convening Authority approved the sentence.

Before this court, Appellant has assigned as error that the military judge erred in failing to grant the defense motion for a mistrial based on trial counsel's repeated attacks on the credibility of the accused's sworn testimony. We affirm.

Appellant was convicted of several specifications of maltreatment in the nature of sexual harassment, as well as another specification of maltreatment other than sexual harassment and a specification of unlawful sexual contact, upon the testimony of two victims named in the specifications and several witnesses as to some of the specifications. Appellant testified as a witness in his own defense, denying almost all of the actions alleged and placing an innocent construction on the few actions he admitted.

During closing argument before findings, defense counsel questioned the credibility of the victims; pointed out implausibility of the stories; where there was more than one witness, highlighted the differences in their versions of events; and highlighted the lack of corroborating evidence other than testimony.

During rebuttal argument, trial counsel asserted that Appellant "lied under oath. He blatantly lied." (R. at 575.) The defense objected, and the military judge immediately reminded the members that "argument of counsel is not evidence." She went on, "I will just remind counsel to point out inconsistencies and not comment on the veracity of a witness." (R. at 575-76.)

Trial counsel continued his argument, and shortly stated, "Panel we have to call in the credibility of MK1 Green because he took the stand. I admit, it is hard to give rhyme or reason to his statements. But I submit to you this is it. He will try to tell the truth when he can, he will try to get away with as much as he can." (R. at 577.)

The defense objected, and an Article 39(a) session was convened. The military judge admonished trial counsel, "I'm going to sustain that objection I have already told you stop commenting on is he a liar, point out inconsistent statements if that is what you want to do, this

whole line of where you're going down is improper." (*Id.*)  The trial counsel apologized.  The defense moved for a mistrial, arguing, "[W]e went down that route, you instructed and he did it again intentionally, we request a mistrial." (*Id.*)

The military judge denied a mistrial.  (R. at 577, 579.)  After discussion with counsel, she delivered the following instruction when the members returned to the courtroom:

> Members I want to clarify an issue and just reiterate my instruction to you so that it is very clear.  To the extent that trial counsel argued that [MK1 Green] lied under oath you are instructed to disregard the suggestion by the prosecution, his belief that MK1 Green lied.  You as members have the duty to determine the believability of a witness.  That is within your purview, and performing this duty you must consider each witnesses intelligence, ability to observe and accurately remember, sincerity, conduct report [sic], friendships and prejudices, consider also the extent to which each witness is either supported or contradicted by other evidence, relationship that each witness may have to either side, and how each witness might be affected by the verdict.  In weighing discrepancies by the witness or between witnesses you should consider where they resulted by an innocent mistake or a deliberate lie.  Taking all these matters into account you should then consider the probability of each witness's testimony and the inclination of the witness to tell the truth.  The believability of each witness's testimony should be your guide in evaluating testimony not the number of witnesses called and these rules applied equally to the testimony by the accused.  Does every member understand their responsibility in determining the credibility of witnesses, and can they follow my instruction.  Affirmative response by all the members.

(R. at 582.)  Thereafter the trial counsel finished his rebuttal argument without further incident.

Appellant argues that, in interjecting his personal view of Appellant's credibility, "trial counsel placed the imprimatur of the United States government squarely behind the two complaining witnesses – and against the accused.  . . .  Trial counsel's actions . . . unfairly tipped the scales against MK1 Green in an unfairly prejudicial manner.  As a result, trial counsel ensured MK1 Green did not receive a fair court-martial." (Assignment of Error and Brief on behalf of Appellant, at 8.)

A mistrial is to be declared "when such action is manifestly necessary in the interest of justice because of circumstances arising during the proceedings which cast substantial doubt upon the fairness of the proceedings."  Rule for Courts-Martial 915(a), Manual for Courts-Martial, United States (2012).  A mistrial is a drastic remedy; the preferred remedy (for

inadmissible evidence) is a curative instruction, if prejudice can be avoided thereby. *United States v. Taylor*, 53 M.J. 195, 198 (C.A.A.F. 2000); *United States v. Evans*, 27 M.J. 34, 39 (C.M.A. 1988), *cert. den.* 488 U.S. 1011 (1989). Improper argument by trial counsel, including disparagement of an accused's credibility, can also prejudice an appellant to the point of requiring drastic relief. *See United States v. Fletcher*, 62 M.J. 175 (C.A.A.F. 2005). Denial of a mistrial is reviewed for abuse of discretion. *United States v. McFadden*, 74 M.J. 87, 90 (C.A.A.F. 2015); *United States v. Diaz*, 59 M.J. 79, 90 (C.A.A.F. 2003) (citing *United States v. Dancy*, 38 M.J. 1, 6 (C.M.A. 1993).

The impropriety of trial counsel's argument in this case was far less extreme than that in *Fletcher*. We view the military judge's curative instruction in this case as adequate to obviate prejudice. The military judge did not abuse her discretion by denying a mistrial.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Shelia R. O'Reilly
Clerk of the Court