# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist CARL L. CAMPBELL**
**United States Army, Appellant**

ARMY 20160215

Headquarters, III Corps and Fort Hood
Rebecca K. Connally, Military Judge
Lieutenant Colonel Travis L. Rogers, Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Captain Zachary A. Gray, JA (on brief and reply brief); Lieutenant Colonel Tiffany D. Pond, JA; Major Todd W. Simpson, JA; Captain Zachary A. Gray, JA (on supplemental brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Virginia Tinsley, JA; Captain Brian Jones, JA (on brief).

20 November 2018

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

At issue in this case is whether a military judge must sua sponte excuse a panel member who does not unequivocally agree to apply the law, when neither the defense nor the prosecution challenge that member. Appellant argues the military judge abused her discretion when she did not remove a panel member who answered equivocally to questions regarding whether he would follow the military judge's instructions. We find the military judge did not abuse her discretion. While she had the authority to sua sponte excuse the panel member, she was not required to do so.

A panel with enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification each of making a false official statement, sexual assault, and indecent viewing, in violation of Articles 107, 120, and 120c, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 920, and 920c. The panel sentenced appellant to a dishonorable discharge, confinement for five years, and a reduction to the grade of E-1. The convening authority approved

only four years and eight months of confinement but approved the remainer of the sentence as adjudged. Appellant's case is now before us under Article 66, UCMJ.[1]

## BACKGROUND

### A. Appellant's Misconduct

Appellant attended a barracks-room party on the floor where he lived. There, appellant and Specialist (SPC) Chapman, spoke with Private (PV2) AV and other soldiers. At the party, PV2 AV drank heavily and became highly intoxicated. She slurred her speech and needed support to stand. She received help returning to her room from another soldier who was her friend. The friend helped PV2 AV up the stairs, helped her unlock her door, and helped her into her room. Private AV laid on her bed fully clothed. As the friend left PV2 AV's room, he passed SPC Chapman in the common hallway. Specialist Chapman entered PV2 AV's room, where he was joined by appellant a few minutes later. Appellant and SPC Chapman had sexual intercourse with PV2 AV, who had only sketchy memories of what transpired. She remembered both soldiers having sex with her, moving her around, and placing her on a rug on her floor. She woke up on her bed without her clothes. She filed a restricted report of sexual assault and underwent a sexual assault forensic examination. Later, she changed her report from restricted to unrestricted.

When questioned by investigators, appellant initially denied going to PV2 AV's room after the party. He later made a second statement to investigators wherein he admitted going to her room and engaging in sex with PV2 AV, but he claimed the sex was consensual. Appellant later testified that, although he did not know PV2 AV well, he was "horny," so he "decided to go up to her room to see if she wanted to have sex." Appellant testified he was surprised to see SPC Chapman already there and having sex with PV2 AV, but claimed PV2 AV did not protest when appellant also began engaging in sexual intercourse with her.

### B. Appellant's Court-Martial

During group voir dire, the defense counsel asked questions about consuming alcohol and consenting to sex. One panel member, Lieutenant Colonel (LTC) JD, answered that having one drink of alcohol could render a person unable to consent to sexual intercourse. When this response was further explored, he stated that he thought it would depend on the person. After some discussion, LTC JD agreed that

---

[1] Appellant was convicted of sexual assault by performing sexual intercourse upon Private (PV2) AV when he knew, or reasonably should have known, PV2 AV was incapable of consent due to impairment by alcohol. Under Rule for Courts-Martial 917, the military judge acquitted appellant of conspiring with Specialist Chapman to commit sexual assault. The panel acquitted appellant of three other specifications of sexual assault and one specification of burglary.

he was "willing to apply the judge's instructions to whatever [his] final determination of the outcome of the case."

During individual voir dire, LTC JD again said he thought whether a person could consent to sex after one drink would depend on the person and the drink. He explained the size of the drink, type of drink, and the weight of the person would all factor into whether a person could consent after drinking alcohol.

During this colloquy, LTC JD was equivocal on whether he would apply the military judge's instructions. In response to the question, "you would be able to listen to the judge's instruction regarding consent—all of the judge's instructions[?]," LTC JD answered, "I think so, yes." Later, in response to "my question is can you listen to those instructions and apply them as [the military judge] instructs you to do?" LTC JD answered "I think I can. I mean, unless we had a disagreement. If she thinks that one drink means that you can't consent no matter what, then I would disagree because I think the size of the person, size of the drink, all of those things are considered into consent or not. Does that make sense?"

The military judge entered the discussion and in response to her questions regarding whether he could follow her instructions LTC JD answered: "My answer is maybe. It depends on the evidence presented."

At the close of voir dire, the military judge asked if either side had any challenges. The government made one challenge for cause, and the defense challenged three panel members for cause. Neither side challenged LTC JD. The military judge asked again if there were any other challenges for cause. Neither side had any. The military judge denied the government's challenge for cause and the government used its peremptory challenge against the same member. The military judge granted appellant's challenges against two panel members; after she denied appellant's challenge against a third member, the defense used its peremptory challenge against that third member.

Prior to starting the trial before the members, the military judge returned to the issue of LTC JD. She asked whether she correctly understood that neither the government nor defense were challenging him. Both the trial counsel and the defense counsel agreed they did not want to challenge LTC JD.

## LAW AND DISCUSSION

Appellant alleges that the military judge abused her discretion by failing to excuse LTC JD from the panel sua sponte.

An accused has a right to an impartial and unbiased panel during his court-martial. *United States v. Mack*, 41 M.J. 51, 54 (C.M.A. 1994). Both the UCMJ and the Rules for Courts-Martial (R.C.M.) include provisions to ensure this right.

Article 25, UCMJ sets out the criteria for the convening authority to select best qualified panel members. The R.C.M. establish procedures further refining what members sit in any given case. This process begins with voir dire, wherein information about the members is gathered by the prosecution, defense, and military judge. R.C.M. 912(d). After voir dire, any party may challenge an unlimited number of members for cause under R.C.M. 912(f)(1). A member may be excused for cause for a variety of reasons, including the provision that a person "[s]hould not sit as a member in the interest of having a court-martial free from substantial doubt as to legality, fairness, and impartiality." R.C.M. 912(f)(1)(N).

The military judge "*may*, in the interest of justice, excuse a member against whom a challenge for cause would lie." R.C.M. 912(f)(4) (emphasis added). Our superior court has recognized that the word "may" implies discretion, giving a military judge the discretionary authority to, sua sponte, excuse a member against whom a challenge for cause would lie. *United States v. McFadden*, 74 M.J. 87, 90 (C.A.A.F. 2015) (citations omitted). Put differently, a military judge may excuse a panel member, against whom a challenge for cause would be granted, even if neither party challenged that member. *See United States v. Akbar*, 74 M.J. 364, 395 (C.A.A.F. 2015).

While a military judge has the authority to excuse a panel member sua sponte, she "has no duty to do so." *See McFadden*, 74 M.J. at 87; *Akbar*, 74 M.J. at 395. Appellant has not provided any citation to authority which would suggest our higher court's holdings in *McFadden* and *Akbar* have been superseded or overruled in the short time since their publication. We are bound by our superior court's precedent.

A military judge is certainly within her authority to sua sponte excuse a panel member who does not unequivocally agree to be bound by the military judge's instructions. Our superior court has plainly stated, however, that a military judge has no duty to do so.[2] Therefore, there can be no abuse of discretion as argued by appellant. Further, in this case, the defense counsel plainly made a tactical decision not to challenge LTC JD. Requiring a military judge to override the tactical

---

[2] The military judge was in the best position to assess whether she should exercise her authority to sua sponte excuse LTC JD. A military judge is best equipped to assess the demeanor and intonation of panel members during voir dire. These nuances may be absent from the record we receive on appeal. In this case, LTC JD did not refuse to follow the military judge's instructions. Rather, in response to follow-up questions, he explained it was hard for him to answer questions in the abstract, and therefore answered equivocally. With the benefit of her live, in-person observations, the military judge assessed LTC JD's statements did not warrant sua sponte excusal. No law requires a different result.

4

decisions of defense counsel would undermine the impartiality of the military judge, and erode the fairness of the proceedings.

## CONCLUSION[3]

The findings and sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] On brief, appellant also argued his trial defense counsel were ineffective for failing to introduce evidence of PV2 AV's alleged motive to fabricate, and evidence to show PV2 AV's injuries could have been caused by sexual activity with another individual. We have considered appellant's arguments and disagree. Appellant essentially alleges PV2 AV was motivated to fabricate allegations of sexual assault because she did not want it known that she had sexual intercourse with two men at the same time. We find this theory weak. It is a quintessentially tactical decision to avoid raising such a weak argument. Further, the presentation of such evidence simply would not have changed the result in appellant's case. The claim appellant's counsel failed to offer evidence of an alternate source of PV2 AV's sexual injuries is even weaker. Appellant's theory of defense was that he had consensual sex with PV2 AV, not that he never had sex with PV2 AV.

Appellant further argued the military judge abused her discretion by issuing an overly-broad curative instruction after appellant's counsel elicited testimony prohibited by Mil. R. Evid. 412. Appellant's counsel elicited testimony that appellant had seen PV2 AV drinking on other occasions. His counsel further elicited that appellant believed PV2 AV previously had sex with another individual after drinking. As this was directly contrary to a prior Mil. R. Evid. 412 ruling, the military judge stopped the line of questioning and instructed the panel to disregard appellant's testimony about seeing PV2 AV drinking before. While we agree the military judge's instruction was too broad, we find the error was harmless.

Appellant submitted further matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we have considered and find do not merit relief.

5