# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JORGE S. MENDOZA**
**United States Army, Appellant**

ARMY 20180524

Headquarters, Fort Bliss
Michael S. Devine, Military Judge
Colonel Sean T. McGarry, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Thomas J. Travers, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Captain Brian D. Jones, JA; Captain Karey B. Marren, JA (on brief).

5 June 2020

------------------------------------
SUMMARY DISPOSITION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

Appellant claims the military judge erred in not sua sponte dismissing the panel president due to a question she asked during sentencing proceedings which appellant claims indicated she was biased.[1] For the reasons set forth below, we disagree and affirm the findings and sentence.[2]

------

[1] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ]. The panel sentenced appellant to a dishonorable discharge, sixty days of hard labor without confinement, sixty days restriction to the limits of his domicile and the confines of Fort Bliss, and

(continued . . .)

## BACKGROUND

During appellant's trial on the merits, evidence was admitted that appellant was married at the time he sexually assaulted the victim, AB. During presentencing proceedings, defense called appellant's platoon leader, Second Lieutenant (2LT) SZ to testify regarding appellant's duty performance. Second Lieutenant SZ praised appellant's duty performance and described appellant as "the go-to-guy in the company . . . ." After confirming that 2LT SZ understood appellant was convicted of sexual assault, defense counsel asked 2LT SZ if he still believes appellant has rehabilitative potential. Second Lieutenant SZ replied, "[a]bsolutely." The panel president, Colonel (COL) SS submitted the following question for 2LT SZ:

> Regardless of the charges, the accused has freely admitted
> that he persued [sic] a physical encounter with the victim
> while he was still married. Does this temper your
> impression of his abilities as a citizen or as a soldier?

Defense objected to the question, requested an Article 39(a), UCMJ, hearing outside the presence of the panel, and argued the question "[c]alls into questions [sic] the findings, and also that the panel is attempting to or at least the panel president is attempting to punish on something outside the scope of this . . . [s]entencing hearing. . . ." Defense did not request the military judge conduct voir dire or excuse COL SS, nor did defense request a curative instruction.

As the government stated it did not oppose the defense's objection to COL SS's question, the military judge sustained the defense's objection. The question was not asked. Immediately upon calling the panel members back into the courtroom, the military judge provided the following instruction, "[r]egardless of

---

(. . . continued)
reduction to the grade of E-1. Upon taking action, the convening authority noted appellant was restricted for sixty days prior to the convening authority approving his sentence. *See* Rule for Courts-Martial [R.C.M.] 1113(a) ("No sentence of a court-martial may be executed unless it has been approved by the convening authority."). Further, appellant's restriction did not run concurrently with appellant's sentence to hard labor as required by R.C.M. 1113(e)(4). As such, the convening authority approved the adjudged sentence except for the sixty days hard labor without confinement.

[2] We have given fair and full consideration to the four matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they merit neither discussion nor relief.

2

what else you may have heard in this case, the accused is to be sentenced only for the offenses for which he has been found guilty . . . ." The military judge repeated this instruction prior to the panel's deliberations on sentence.[3]

## LAW AND DISCUSSION

Appellant alleges the military judge erred in failing to sua sponte excuse COL SS on implied and/or actual bias grounds. An accused "has a constitutional right, as well as a regulatory right, to a fair and impartial panel." *United States v. Commisso*, 76 M.J. 315, 321 (C.A.A.F. 2017). Rule for Courts-Martial 912 provides for the challenge of panel members and "encompasses challenges based upon actual and implied bias." *United States v. Elfayoumi*, 66 M.J. 354, 356 (C.A.A.F. 2008). "Actual bias is personal bias which will not yield to the military judge's instructions and the evidence presented at trial." *United States v. Nash*, 71 M.J. 83, 88 (C.A.A.F. 2012) (citation omitted). Implied bias exists if a reasonable member of the public would doubt the fairness of a court-martial because of a panel member's participation in the case. *United States v. Peters*, 74 M.J. 31, 36 (C.A.A.F. 2015). Implied bias is "evaluated objectively under the totality of the circumstances and through the eyes of the public, reviewing the perception or appearance of fairness of the military justice system." *United States v. Dockery*, 76 M.J. 91, 96 (C.A.A.F. 2017) (citation and quotation marks omitted).

The military judge "*may*, in the interest of justice, excuse a member against whom a challenge for cause would lie." R.C.M. 912(f)(4) (emphasis added). Our Superior Court has recognized that the word "may" implies discretion, giving a military judge the discretionary authority to excuse a member against whom a challenge for cause would lie, even if neither party challenged that member. *United States v. McFadden*, 74 M.J. 87, 90 (C.A.A.F. 2015) (citations omitted). Although "[a] military judge has the discretionary authority to sua sponte excuse a member, he has no duty to do so." *Id.* at 90 (citation omitted). A military judge's decision to excuse a member sua sponte "in the interest of justice" is a "drastic action." *United States v. Velez*, 48 M.J. 220, 225 (C.A.A.F. 1998).[4]

---

[3] Prior to reading the sentencing instructions, the military judge provided a draft of the instructions to counsel to review. Neither counsel objected to the instructions.

[4] Although our Superior Court plainly stated in *McFadden*, 74 M.J. at 87, that a military judge has no duty to sua sponte excuse a member, and therefore there could be no abuse of discretion, we will nonetheless proceed to consider appellant's claim as our Superior Court did in *United States v. Akbar*, 74 M.J. 364, 395 (C.A.A.F. 2015) (finding "even if the military judge had such a duty, he did not abuse his discretion in failing to sua sponte remove any of the members . . . .").

We review a military judge's failure to sua sponte excuse a member for actual bias for abuse of discretion. *Akbar*, 74 M.J. 364, 395 (C.A.A.F. 2015). We review issues of implied bias "under a standard less deferential than abuse of discretion but more deferential than de novo." *United States v. Strand*, 59 M.J. 455, 458 (C.A.A.F. 2004) (citation omitted). "In making judgements regarding implied bias, this court looks at the totality of the factual circumstances." *Id.*

We find COL SS was neither actually nor impliedly biased. The context of COL SS's question guides our analysis. Specifically, throughout appellant's trial, the panel was presented with evidence that appellant was married at the time he committed the offenses. Without defense objection, the government admitted a text message conversation between appellant and AB which mentions appellant was married.[5] During the defense case on the merits, defense moved to admit appellant's entire law enforcement interview in which he discusses his marital status at the time of the offenses.[6] Further, during argument on findings, defense highlighted appellant's adultery by inferring it was AB's motive to fabricate the sexual assault.[7]

In regards to actual bias, there is no indication that COL SS did not follow the military judge's instructions during deliberations on either findings or sentencing. Prior to deliberations on findings, the military judge instructed the panel that

---

[5] Defense's decision not to object was likely a tactical decision because the defense case theory was that appellant and AB engaged in consensual sex and that AB regretted the sex for various reasons, one of which was because appellant was married.

[6] This also appears to be a tactical decision. Defense called Detective JM, the law enforcement officer who interviewed both AB and appellant. On direct examination, defense elicited testimony regarding Detective JM's failure to collect certain evidence and AB's inconsistent statements. On cross-examination, the government elicited portions of appellant's law enforcement interview. On re-direct, defense moved to admit appellant's entire recorded interview pursuant to "the rule of completeness." *See* Military Rule of Evidence [Mil. R. Evid.] 106. The admission of appellant's entire statement, during which he describes a consensual sexual encounter, permitted defense to argue he had an honest and reasonable mistake of fact as to consent without appellant testifying and being subject to cross-examination.

[7] Immediately after the sexual assault, AB texted a friend, "I have a problem." Defense counsel argued in closing that this text message was not in reference to the sexual assault, but rather "[t]hat [AB] has a problem because she hooked up with a married man and she liked a married man[.]"

appellant "[m]ay be convicted based only on evidence before the court not on evidence of a general criminal disposition." No panel member, including COL SS, indicated he or she would not follow that instruction. We find that COL SS's question later during sentencing proceedings does not indicate that she did not follow the military judge's instructions on findings.

The record similarly demonstrates that all panel members, including COL SS, followed the military judge's instructions on sentencing. Immediately after COL SS submitted her question for 2LT SZ, the military judge instructed COL SS, and the entire panel, that the accused should be sentenced only for the offenses for which he was found guilty. During instructions on sentencing, the military judge repeated that instruction. The record does not indicate that any member had issues understanding or following the military judge's instructions. Accordingly, we find COL SS's question did not indicate actual bias, and the military judge did not abuse his discretion by not exercising his authority to excuse COL SS.

Finding no actual bias, we address whether COL SS should have been excused for implied bias. The context of COL SS's question can be distinguished from the panel member's questions in *United States v. Hollenbeck*, 2019 CCA LEXIS 289, *12-13 (Army Ct. Crim. App. 27 Jun. 19) (mem. op.). In *Hollenbeck*, the panel member used the term "sexual predator," when no witness at trial had used that term. *Id.* In contrast, COL SS was not responsible for injecting appellant's apparent infidelity into the trial. Both government and defense counsel introduced this evidence in various forms throughout trial for tactical reasons. By the time 2LT SZ testified during sentencing proceedings, COL SS's question would appear to a reasonable member of the public to be a logical inquiry into the basis of 2LT SZ's opinion regarding appellant's rehabilitative potential.[8] As such, we find COL SS's question does not taint the perception of fairness of the military justice system.

Upon a review of the record as a whole, and the applicable law, we are convinced the military judge did not commit error or abuse his discretion in refraining from conducting individual voir dire of COL SS or excusing COL SS.

---

[8] In fact, the military judge stated, "[n]othing from [COL SS's] question indicates to me anything about [the panel's] findings. [T]his is questioning [2LT SZ's] response to your question regarding [appellant's] rehabilitative potential. This question is in the form that may have been appropriate coming from opposing counsel in the, "Have you heard, did you know," variety of misconduct. *See* R.C.M. 1001(b)(5)(E) ("On cross-examination, inquiry is permitted into relevant and specific instances of conduct.").

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court